**Myron E. MICHAEL, Respondent,**

v.

**Patsy Ruth MICHAEL, Appellant.**

**STATE ex rel., Patsy Ruth MICHAEL, Relator,**

v.

**Honorable William J. PETERS, Respondent.**

**Nos. WD 38657, WD 39062.**

Missouri Court of Appeals, Western District.

March 24, 1987.

William C. Partin, Kansas City, for appellant.

Robert G. Neds, Kansas City, for respondent.

Before BERREY, P.J., and SHANGLER and LOWENSTEIN, JJ.

PER CURIAM.

This cause stems from a dissolution of marriage proceeding initiated by the husband. As the reader will note, there was first filed in this court a direct appeal taken on behalf of the wife. She then sought

prohibition to keep the court appointed receiver from selling part of the marital property.

Our preliminary rule in prohibition issued to enjoin the liquidation of marital assets, still undivided by any judicial order, transferred to a receiver for that purpose by the judgment of the court in a dissolution of marriage case. The judgment directed the receiver to "collect the income from the parties' marital property, to liquidate such property, to satisfy the costs of sale and debts of the parties and make division of the net proceeds" as ordered. This writ proceeding [WD 39062] was consolidated with the appeal from the order of dissolution [WD 38657], also pending in this court, by the consent of counsel at oral argument.

In the dissolution of marriage action the division of the marital property was the only issue in dispute. The marital estate was substantial, and consisted—in the words of the judgment—of "real estate, boats and motor vehicles, bank accounts, life insurance policies, personal property including household goods and personal belongings, contract for deed, wrongful death claim and partnership interest." The court found the husband guilty of misconduct during the marriage and awarded the wife 55% of the marital property and the husband 45% of that estate. The judgment determined that all the property held by the spouses was marital property. The court set over to the wife items of personalty, two cars and a cash bank account, and to the husband items of personalty, life insurance policies, a car, and an interest in a business. The judgment awarded each spouse an undivided one-half interest in the wrongful death claim of Kevin Michael. The judgment left undivided, however, three pieces of real estate, a condominium, a commercial marina, and a house, as well as two boats, and an extensive inventory of furniture and household accouterments. The trial judge appointed a receiver and consigned the realty, boats, furniture and accouterments to him for sale and liquidation.

■ The trial court shall divide all of the marital property, *Corder v. Corder*, 546

S.W.2d 798, 805 (Mo.App.1977), and it has wide discretion in doing so. *In re Marriage of Vanet*, 544 S.W.2d 236, 240 (Mo. App.1976).

"The court must first determine the status of all of the property of the parties. As to each asset, or class of assets, the court must make a finding as to whether it is the property of a spouse individually or whether it is marital property.... When the status of the property of the parties is left undetermined *and undistributed,* the court has not exhausted its jurisdiction; the judgment is not final and appealable." (Emphasis added.) *Anspach v. Anspach,* 557 S.W.2d 3, 5–6 (Mo.App.1977).

A full reading of the trial transcript reveals a plethora of evidence as to items and their values. Albeit, it is not in an easy to digest form. The record reveals this to be quite a substantial estate. The parties are certainly entitled, and by statute assured, that the trial court will divide the property. There is nothing herein so unique or unusual as to suggest the need for a receiver and the sale of the property.

■ Because the court failed to divide the real estate in the dissolution decree, it had no jurisdiction to appoint a receiver and order the sale of the property. A judgment entered by a court without jurisdiction to act on the matter is void. *Swinford v. Swinford*, 682 S.W.2d 189, 191 (Mo. App.1984).

Our preliminary rule in prohibition is made absolute in Case No. WD 39062.

■ The marital property remains undistributed, and hence the court has not exhausted its jurisdiction over that subject of adjudication. There is no final judgment for appeal in case No. WD 38657, and hence the appeal is premature and is dismissed. *State ex rel., McClintock v. Black,* 608 S.W.2d 405, 406[1] (Mo. banc 1980).