**Leroy John HAHN,
Petitioner-Respondent,**

v.

**Delores Jean HAHN,
Respondent-Appellant.**

No. 50623.

Missouri Court of Appeals,
Eastern District,
Southern Division.

June 9, 1987.

Motion for Rehearing and/or Transfer
Denied July 15, 1987.

**546**

Kenneth L. Waldron, Waldron and Walter, Jackson, for respondent-appellant.

Richard G. Steele, F. Patrick Davis, Finch, Bradshaw, Strom & Steele, Cape Girardeau, for petitioner-respondent.

CRIST, Judge.

Wife appeals from the property division, and from the denial of maintenance and attorney fees in dissolution of marriage decree. We affirm in part and remand in part.

The parties' ten-year marriage was dissolved on August 1, 1985. Wife appealed and filed her notice of appeal on September 6, 1985. On October 22, 1985, wife filed a voluntary petition in bankruptcy and this appeal was stayed. On May 1, 1986, Tom K. O'Laughlin was appointed trustee in bankruptcy. On June 12, 1986, this court granted trustee's motion to intervene in this appeal. On March 30, 1987, the United States Bankruptcy Court authorized wife to proceed with her appeal in this court.

Appellant filed her brief herein on December 19, 1986. At that time she asserted the trial court failed to assign values to items of marital property; failed to decide whether certain items of property, including husband's pension plan and stock proceeds were marital or nonmarital; and failed to completely divide all of the marital estate. On May 30, 1987, the day on which the bankruptcy court authorized this appeal to proceed, husband filed a motion requesting us to dismiss the appeal and remand the action so the trial court could correct any errors in the property division. On March 31, 1987, wife filed a motion in opposition to husband's motion to dismiss and remand.

■ We can modify the judgment of the trial court if no further factual adjudication is needed. Rule 84.14; *Roark v. Roark*, 694 S.W.2d 912, 914 (Mo.App.1985); *Steinmeyer v. Steinmeyer*, 669 S.W.2d 65, 68 [15] (Mo.App.1984). In deference to wife's demand the case not be remanded, we find no reversible error in the failure to distribute the pension and stocks. Based on the record we modify the judgment to give all interest in the pension and stock to husband. In giving this property to husband we are aware the designation of a pension plan as contingent or subject to divestment does not prevent it from being marital property. *Mills v. Mills*, 663 S.W.2d 369, 372 [5] (Mo.App.1983). The status of property as marital necessitates only that it be divided fairly and equitably. *Steinmeyer*, 669 S.W.2d at 68 [11]; *In re Marriage of Garrett*, 654 S.W.2d 313, 315 (Mo.App.1983). Where wife failed to present evidence to permit the trial court to reach a less speculative conclusion, and objected to remanding the case it is just for husband to retain that property. Accordingly, wife's point relied on II(B) is denied.

■ In her point relied on II(A) wife asserts: "The decree contains inaccuracies and ambiguities rendering the property award vague, indefinite and incapable of enforcement." To some extent we agree. At the time of the dissolution the parties had two pieces of jointly titled real estate; a home at 1207 College Street, Cape Girardeau, Missouri, which was partially paid for during the marriage and lived in during the marriage, and a home at 1314 Jefferson Street, Cape Girardeau, Missouri, which husband had inherited from his father during the marriage and in which the parties were living when they separated. In paragraph 8a of its Findings of Fact, Conclusions of Law and Judgment the trial court awarded husband the Jefferson Street house and wife the College Street house. We do not disturb that distribution. In paragraph 8b, however, the court found and ordered:

Inasmuch as the $5,000 contributed to the purchase of the house at 1207 Jefferson is marital, petitioner [husband] is ordered to pay to respondent [wife] the sum of $2,500 or in lieu thereof, to allow respondent [wife] to live rent free for ten (10) months in the residence at 1207 Jefferson and the Court finds the reason-

able monthly rental value of the property to be $250 per month.

The parties have no interest in a house located at 1207 Jefferson. This error, obviously typographical, can be corrected by the trial court. Rule 84.14; *Milde v. Milde*, 723 S.W.2d 471, 474 (Mo.App.1986). Accordingly, the trial court shall correct its decree regarding the real estate designation discrepancy between "1207 College Street" and "1314 Jefferson Street."

With reference to wife's other points relied on relating to division of property, maintenance and attorney fees, we find the judgment of the trial court was supported by substantial evidence and is not against the weight of the evidence. No error of law appears, and an opinion with reference thereto would have no precedential value, and the judgment should be affirmed in accordance with Rule 84.16(b).

The trial court is directed to correct its order with reference to the real estate discrepancies between "1207 College Street" and "1314 Jefferson Street." The judgment is modified such that all interests in and to the pension plan and the employer's stock shall belong to husband. Husband's motion to dismiss and remand is denied. The order of the trial court is otherwise affirmed as modified in accordance with Rule 84.16(b).

Judgment remanded in part, and in part affirmed as modified.

DOWD, P.J., and CRANDALL, J., concur.