**Vicki Merle MELTZER, Appellant,**

v.

**Richard Franklin MELTZER,
Respondent.**

No. 71425.

Supreme Court of Missouri,
En Banc.

Aug. 1, 1989.

Rehearing Denied Sept. 8, 1989.

Theodore S. Schechter, Bruce E. Friedman, Clayton, for appellant.

Merle L. Silverstein, Jill A. Silverstein, Clayton, for respondent.

HIGGINS, Judge.

Vicki Merle Meltzer appeals the decree of dissolution of her marriage with Richard Franklin Meltzer. She raises a number of points, among them a contention that the trial court erred in failing to dispose of all the marital assets. Wife contends the trial court failed to distribute four bank accounts, a partnership interest in Forest Lake Tennis Club, and husband's loss of consortium claim. Husband states that he believes the assets are either nonexistent or worthless and consents to the property being awarded to wife.

The Court of Appeals, Eastern District, footnoting its case, *Hahn v. Hahn,* 732 S.W.2d 545 (Mo.App.1987), modified the decree to make distribution of the undistributed property. This Court transferred the case under Rule 83.03 to review principally whether the limited maintenance award conflicted with other cases on the subject. Because the trial court failed to distribute all the marital property, the appeal must be dismissed.

Apropos these circumstances this Court has held:

> If the undistributed property is discovered before the time for appeal has run, the appellate court, when presented with an appeal raising the issue of undistributed property, must dismiss the appeal because the trial court has not exhausted its jurisdiction and has not rendered a

final judgment from which an appeal can be taken.

*State ex rel. McClintock v. Black,* 608 S.W.2d 405, 406 (Mo. banc 1980); *accord, Michael v. Michael,* 727 S.W.2d 424, 425 (Mo.App.1987); *Shewey v. Shewey,* 725 S.W.2d 921 (Mo.App.1987); *Frame v. Frame,* 696 S.W.2d 332, 334 (Mo.App.1985); *Hutchins v. Hutchins,* 660 S.W.2d 403, 404 (Mo.App.1983); *In re Marriage of Busch,* 618 S.W.2d 244, 245 (Mo.App.1981). In *Shewey* the Court held:

> The parties agree the court did not distribute all of the marital property and for that reason the trial court did not exhaust its jurisdiction and has not entered a final judgment from which an appeal will lie.

> It is unfortunate that this case cannot be finally concluded, but because of the failure to distribute all of the property, this Court has no alternative but to dismiss the appeal.

*Shewey* at 921.

Wife acknowledges the established law requiring dismissal of this appeal but urges this Court has jurisdiction to enter an order distributing the undistributed marital property under language in Rule 84.14 providing an appellate court can "give such judgment as the court ought to give." Rule 84.14 does not confer jurisdiction on an appellate court. It applies only where an appellate court has jurisdiction of an appeal.

As in *Shewey*, this Court has no alternative but to dismiss this appeal. The effect of this dismissal is to recognize the jurisdiction of the trial court to enter a new judgment covering the entire case.

Appeal dismissed.

All concur.