Rose Marie ZIMMER, Plaintiff–Appellant,

v.

James Francis ZIMMER and Patricia Ann League, Defendants–Respondents.

No. 17369.

Missouri Court of Appeals,
Southern District,
Division One.

April 6, 1992.

Richard D. Crites, Springfield, for plaintiff-appellant.

Robert C. Fields, Springfield, for defendant-respondent Zimmer.

Devon F. Sherwood, Sherwood, Honecker & Bender, Springfield, for defendant-respondent League.

PARRISH, Judge.

Rose Marie Zimmer (wife) brought an action by which she sought the dissolution of her marriage to James Francis Zimmer (husband). While the action for dissolution of marriage was pending, some three years after it was filed, wife filed another action whereby she sought to enjoin one Patricia Ann League (League) from "aiding or abetting, conspiring with, or otherwise assisting [husband] in hiding, secreting or disposing" of property acquired since the marriage. That action alternatively sought money damages. The trial court consolidated the cases. League filed a motion to dismiss the injunction suit and to quash service of process in that suit. The trial court granted the motion.

Following trial of the dissolution of marriage action, the trial court dissolved the marriage, awarded custody of the two children of the parties to wife with specified periods of visitation to husband, ordered husband to pay child support for those children and to pay maintenance to wife, and distributed certain marital property. The trial court taxed court costs one-half to wife and one-half to husband. Wife appeals the trial court's division of marital property, the award of maintenance and the allocation of court costs. For the reasons that follow, this court concludes that

it is without jurisdiction and has no alternative but to dismiss the appeal.

Among the points raised by wife on appeal is that the trial court failed "to make specific findings of fact" although requested to do so at the commencement of trial. Rule 73.01(a)(2). Wife's attorney requested findings as to "the nature, and extent, and value of the marital assets of the parties," as well as findings on other issues. In her first and second points on appeal, wife states that the trial court's findings of fact did not include specific findings regarding "the nature, extent and value of the marital property of the parties" (Point I) and that "the trial court failed to divide all of the marital assets of the parties" (Point II). Wife's points on appeal regarding marital property are crucial for the reason that if the trial court did not distribute all the marital property, this court has no jurisdiction in this matter and must dismiss the appeal. *Meltzer v. Meltzer*, 775 S.W.2d 120, 121 (Mo. banc 1989).

> If the undistributed property is discovered before the time for appeal has run, the appellate court, when presented with an appeal raising the issue of undistributed property, must dismiss the appeal because the trial court has not exhausted its jurisdiction and has not rendered a final judgment from which an appeal can be taken.

*State ex rel. McClintock v. Black*, 608 S.W.2d 405, 406 (Mo. banc 1980).

Wife's brief points to the absence of certain marital property from the award made by the trial court's decree. Wife identifies the absent property as:

1984 Toyota Supra automobile

Valley Field Apartments

Investment in Quail Call Apartments, Ltd.

Investment in Laguna Partners, Ltd.

Additionally, there is no reference, either in the findings of fact recited in the trial court's decree [1] or in its decretal part, to a "note receivable from Patricia League" that husband identified in his financial

---

**1.** The trial court included "findings of fact" and "conclusions of law" in the Decree of Dissolu-

tion of Marriage it entered.

statement that was placed in evidence before the trial court as respondent's exhibit Q.

Regardless of whether the requests for findings of fact made at the commencement of the trial are deemed specific, as wife contends, or general, as husband contends, the findings of fact that are included in the trial court's decree do not address the items of property in question. The decree is silent regarding whether the trial court determined those items of property to be marital property. Likewise, the decree does not set apart any property as separate property of either party. As such, the decree has not effected the distribution of all property identified as marital property by the parties nor determined it to be nonexistent or nonmarital property. The decree lacks finality with respect to the distribution of marital property. *See* § 452.330, RSMo Supp.1991.

Regrettably, this case cannot be concluded due to the lack of accountability or distribution of property identified as marital property in evidence presented at trial. This appeal must be dismissed with recognition that the trial court may enter a new judgment (together with further findings of fact if it determines that to be appropriate) that covers the entire case. The appeal is dismissed.

PREWITT, P.J., and CROW, J., concur.