**Dawn M. SPENCE, Petitioner–Appellant,**

v.

**Brian SPENCE, Respondent–Respondent.**

No. 20358.

Missouri Court of Appeals,
Southern District,
Division One.

May 23, 1996.

Sharon E. Schulte, Denise E. Thompson, Hawkins Law Offices, Jefferson City, for Appellant.

James K. Justus, Justus & McCullah, Forsyth, for Respondent.

BARNEY, Judge.

Dawn Spence (Wife) brought a dissolution of marriage action against Brian Spence (Husband). He filed a counter petition. One child was born of the marriage. The Circuit Court of Taney County dissolved the marriage on April 13, 1995, but retained jurisdiction to determine property, child custody and support issues. Two subsequent hearings on these issues were held. A Judgment of Dissolution of Marriage was filed for record on July 5, 1995. Wife appeals.

■ We conclude that the judgment rendered is not a final judgment for purposes of appeal and we dismiss this appeal for reasons cited below. The finality of a judgment is a jurisdictional prerequisite and it is the duty of a court sua sponte to determine its jurisdiction, and if a judgment is not final a court must dismiss the appeal. *Citizens Elec. Corp. v. Campbell,* 696 S.W.2d 844, 845 (Mo. App.1985); *see also O'Neill v. O'Neill,* 864 S.W.2d 7, 8 (Mo.App.1993).

We observe that the trial court did not dispose of marital property as required by § 452.330, RSMo 1994 consisting of a lawn mower, a television and a bank checking account containing $6,280.94 standing in the name of "Brian D. Spence, General Contractor." Wife had included this account in her proposed division of marital property. There is some disagreement between the parties as to whether the checking account was even in existence to be divided. The record indicates that the parties separated on January 20, 1994, and on January 21, 1994, Husband closed the checking account. The trial court made no determination if this account was marital, non-marital or if it was even in existence to be divided.

■ A review of the judgment reveals that there is no mention of these items within the four corners of the judgment. The trial court did issue Findings of Fact and Conclusions of Law that designated the lawn mower and television as marital property, but made no disposition of these properties. Further, there was no mention of the checking account. In any event, no disposition of these items was made in the judgment itself.[1] Inclusion in the Findings of Fact and Conclu-

---

1. Page seven of the judgment did not incorporate

the provisions of the Findings of Facts and Con-

sions of Law alone is insufficient. In *Wilhoit v. Wilhoit*, 599 S.W.2d 74 (Mo.App.1980) the court stated that:

> A finding of fact precedes judgment, and constitutes an opinion for the ground of judgment [Rule 73.01], but it is not a final determination of the rights of the litigants in the subject matter of the action. Only a judgment is that.... The efficacy of judgment, therefore, does not reside in any prefatory statement of reason or recital but in the mandate of the decree.

*Id.* at 78 (citations omitted).

In *Meltzer v. Meltzer*, 775 S.W.2d 120 (Mo. banc 1989) the court recited that:

> If the undistributed property is discovered before the time for appeal has run, the appellate court, when presented with an appeal raising the issue of undistributed property, must dismiss the appeal because the trial court has not exhausted its jurisdiction and has not rendered a final judgment from which an appeal can be taken.

*Id.* at 120–21; see *also State ex rel. McClintock v. Black*, 608 S.W.2d 405, 406 (Mo. banc 1980).

The judgment is not final with respect to the distribution of marital property as required by § 452.330. *Zimmer v. Zimmer*, 826 S.W.2d 904, 906 (Mo.App.1992); *see also Lawry v. Lawry*, 854 S.W.2d 842, 844 (Mo. App.1993).

While it is unfortunate that this case cannot be finally concluded, this Court has no alternative but to dismiss the appeal for lack of jurisdiction. The effect of this dismissal is to recognize the jurisdiction of the trial court to enter a new judgment covering the entire case. *Meltzer*, 775 S.W.2d at 121; *Lawry*, 854 S.W.2d at 844. Either party will then have the right to appeal. *Id.*

Appeal dismissed.

MONTGOMERY, P.J., and GARRISON, J., concur.

---

clusions of Law within the judgment. We interpret the sentence "Visitation and child support are ordered pursuant to the findings of fact and are hereby incorporated as though fully set forth herein," as incorporating into the judgment only those paragraphs dealing with visitation and child support.