Brenda Kathleen CRAWFORD, Respondent,

v.

Larry Curtis CRAWFORD, Appellant.

No. WD 57668.

Missouri Court of Appeals, Western District.

Nov. 7, 2000.

Thomas R. Summers, St. Joseph, for appellant.

Tracy A. McFadin, Gallatin, for respondent.

Before EDWIN H. SMITH, P.J., ULRICH, J. and ELLIS, J.

ROBERT G. ULRICH, Judge.

Larry C. Crawford (Husband) appeals the judgment of the trial court dissolving his marriage to Brenda K. Crawford (Wife). He claims that the trial court erred in ordering him to pay Wife $97,770.67 as partial distribution of the marital property because the award does not result in equal division of the marital property and because the award was based on the following trial court errors: (1) inclusion as marital property of one-half of the value of numerous certificates of deposit titled in the name of Husband and his children which were not marital property; (2) failure to include as marital debt a farm operation loan in the amount of $10,015; (3) declaring the amount of debt owed to Cory Crawford was $50,000 rather than the correct sum of $60,000; and (4) awarding Husband the sum of $9,885 as the value of crops growing on his land. Because the record reflects that the marital property remains undivided and undisposed, the trial court has not exhausted its jurisdiction and a final, appealable judgment does not exist. Hence, the appeal is dismissed and the case is remanded to the trial court to divide the remaining property.

## FACTS

Husband and Wife were married July 15, 1976. Husband had been previously married and had a child, Jon, from the prior marriage. There were two children born of the marriage, Michael, born May 21, 1978, and Cory, born September 15, 1979. All children were emancipated at the time of trial.

During the marriage, Husband was primarily a farmer. He supplemented his income at times throughout the marriage by driving a truck part-time for Prime Tanning and working part-time at the ASCS Office. Wife was mainly a farmwife and mother. She helped run the farm while Husband was employed part-time. She started work for a factory in Grant City, Missouri after the separation.

Husband and Wife separated on October 17, 1998. Thereafter, Wife filed a petition for dissolution of marriage on November 24, 1998, asking the trial court to dissolve her marriage to Husband and divide the marital property and debt.

The trial court issued its judgment and decree of dissolution of marriage on July 29, 1999. Husband filed a motion to have the judgment amended, or in the alternative, a motion for a new trial, on August 23, 1999. The trial court issued an amended judgment and decree of dissolution of marriage on August 25, 1999. In its amended judgment, the trial court dissolved the parties' marriage, and classified and divided the marital property and debt. The judgment awarded Husband virtually all the personal property of the marriage and ordered Husband to make a $97,670.67

property equalization payment to Wife as partial division of the marital property. The judgment, however, failed to distribute, divide or dispose of the real property of the marriage.

 Although neither party raised the issue of finality before the trial court or before this court on appeal, the finality of a judgment is a jurisdictional prerequisite and it is the duty of this court sua sponte to determine its jurisdiction. *Spauldin v. Spauldin,* 945 S.W.2d 665, 668 (Mo.App. W.D.1997) (*quoting Spence v. Spence,* 922 S.W.2d 442 (Mo.App. S.D. 1996)). If a judgment is not final this court must then dismiss the appeal. *Id.*

 The trial court's judgment is not final because it did not distribute all of the property identified as marital property as required by § 452.330, RSMo Cum.Supp. 1999. The trial court, therefore, has not exhausted its jurisdiction. The trial court must make a distribution of marital property that is definite and capable of enforcement. *Hird v. Hird,* 872 S.W.2d 605, 606 (Mo.App. W.D.1994). Unless and until *all* marital property has been distributed, the trial court's judgment is not final. *Id.* (*citing Ravenscroft v. Ravenscroft,* 585 S.W.2d 270, 274 (Mo.App. W.D.1979); *Anspach v. Anspach,* 557 S.W.2d 3, 6 (Mo. App.1977)).

In this case, the property not distributed consists of:

1. One-half interest in property titled to Larry C. Crawford and William Corey Crawford, as joint tenants and not as tenants in common, located in the Pattonsburg, Missouri, area . . .

[legal description omitted].

That said property has a total fair market value of $106,000.00 ($500.00 per acre), subject to mortgage with Bank Midwest in the amount of $54,177.00, leaving $25,911.50 in marital equity subject to division by this Court.

2. 240 acres located in Gentry County, Missouri, including the marital residence . . .

[legal description omitted].

That said real estate has a total fair market value of $149,000.00, subject to mortgage of $67,567.25 with Bank Midwest, and a loan from Corey Crawford of $50,000.00, leaving $31,432.75 in equity subject to division by this Court.

The judgment specifically classified this property as marital, however, the judgment does not divide or distribute it. Consequently, the lack of this final judgment leaves this court with no alternative other than to dismiss this appeal. *Spauldin,* 945 S.W.2d at 668 (*citing Zimmer v. Zimmer,* 826 S.W.2d 904, 905 (Mo.App. S.D.1992); *Wagner v. Wagner,* 823 S.W.2d 523, 526 (Mo.App. W.D.1992)).

 The effect of this dismissal is to recognize the jurisdiction of the trial court to enter a new judgment covering the entire case. *Spauldin,* 945 S.W.2d at 668 (*citing Meltzer v. Meltzer,* 775 S.W.2d 120, 120–21 (Mo. banc 1989)). Either party will then have the right to appeal the trial court's new decree. *Spauldin,* 945 S.W.2d at 668 (*citing Spence,* 922 S.W.2d at 443).[1]

---

1. Because there is the potential for an appeal after remand, the trial court may wish to consider an issue raised by a party in this court. In its decree, the trial court did not classify or distribute as marital debt a farm operation loan in the amount of $10,015.00, which was acquired subsequent to the marriage and prior to a decree of legal separation or dissolution. In cases where it is unclear from the record whether property should be and was treated as separate or marital property for purposes of property division, the designation as such turns on witness credibility, which is an issue for the trial court.

*Wright v. Wright,* 1 S.W.3d 52, 61 (Mo.App. W.D.1999). Thus, the only recourse for the appellate court is to reverse and remand for the appropriate findings by the trial court. *Id.* Likewise, given the inseparable connection between the allocation of marital debt and the fair and equitable division of marital property, this principle would apply to the trial court's failure to designate debt as either marital or non-marital. *Id.* In this case, the record is unclear as to whether the trial court classified the farm operation loan as nonmarital or inadvertently overlooked it in dividing the marital property and debt. Depending on

The appeal is dismissed, and the case is remanded to the trial court to distribute the real property.

EDWIN H. SMITH, P.J., and ELLIS, J., concur.

what testimony was believed by the trial court, the debts might be found by it to be either, which may affect whether the court's property division was fair and equitable.