Dennis LIVINGSTON, Respondent,

v.

Molly J. LIVINGSTON, Appellant.

No. WD 59607.

Missouri Court of Appeals,
Western District.

Oct. 30, 2001.

Gerard Eftink, Raymore, for appellant.

Nancy M. Caviar, Leawood, for respondent.

Before PATRICIA BRECKENRIDGE, Presiding Judge, JOSEPH M. ELLIS, Judge and GENE R. MARTIN, Senior Judge.

JOSEPH M. ELLIS, Judge.

Appellant Molly J. Livingston ("Wife") appeals from the judgment entered in the Circuit Court of Cass County dissolving her marriage to Respondent Dennis Livingston ("Husband"). Specifically, Wife challenges the distribution of marital property and the trial court's denial of her request for attorney's fees.

Husband and Wife were married on August 1, 1981, in Jackson County, Missouri. On September 24, 1983, the couple had their only child, Dustin. Following his birth, Wife quit working to stay at home with Dustin and work as a homemaker.

Husband and Wife separated on January 1, 1999. On April 8, 1999, Husband filed his Petition for Dissolution of Marriage. The circuit court heard the case on January 27 and March 13, 2000.

On December 26, 2000, the circuit court entered its judgment dissolving the marriage between Husband and Wife. As part of that judgment, the circuit court divided the marital and non-marital property. The trial court also ordered Husband to pay $533 per month in child support and $350 per month in maintenance to Wife. Wife appeals that judgment.

"The trial court decision in a dissolution proceeding will be upheld unless there is no substantial evidence to support it, it is against the weight of the evidence, it erroneously declares the law, or it erroneously applies the law." *DeMayo v. DeMayo*, 9 S.W.3d 736, 739 (Mo.App. W.D. 2000) (citing *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976)). In reviewing the judgment, we view the evidence and reasonable inferences drawn therefrom in the light most favorable to the decree and disregard all evidence and inferences to the contrary. *Ward v. Ward*, 34 S.W.3d 288, 291 (Mo.App. W.D.2000). "The appellant bears the burden of demonstrating error," and "[w]e give deference

to the trial court's decision, even if the evidence could support a contrary conclusion." *Taylor v. Taylor*, 25 S.W.3d 634, 638 (Mo.App. W.D.2000).

As part of her first point, Wife argues that the trial court erred in determining that money held by Husband in his Father's safety deposit box should not be considered in the division of property. In its judgment, the trial court specifically found that because the money saved by Husband from his wages had "already been considered as income for support purposes, it should not be considered in the division of property."

"[I]ncome earned by a spouse is marital property up to the date of dissolution." *Id.* at 643. The fact that the amount of Husband's yearly income was considered in determining his child support and/or maintenance obligation has no bearing on the classification of income acquired prior to the date of legal separation or dissolution as marital property. Accordingly, the trial court clearly erred in failing to treat the money saved from Husband's wages as marital property and in failing to include it in the division of property.[1]

"Although neither party raised the issue of finality before the trial court or before this court on appeal, the finality of a judgment is a jurisdictional prerequisite and it is the duty of this court *sua sponte* to determine its jurisdiction." *Crawford v. Crawford*, 31 S.W.3d 451, 453 (Mo.App. W.D.2000). If the trial court's judgment is not final, the appeal must be dismissed. *Id.*

As a result of its erroneous finding, the trial court failed to include the $3,000 remaining in the safety deposit box in its division of property. "[W]here the trial court fails to completely divide the marital property, the judgment is not final and the appeal must be dismissed." *Gould v. Rafaeli*, 804 S.W.2d 758, 759 (Mo.App. E.D. 1990); *See also Hird v. Hird*, 872 S.W.2d 605, 606 (Mo.App. W.D.1994) (quoting *Ravenscroft v. Ravenscroft*, 585 S.W.2d 270, 274 (Mo.App. W.D.1979)) (" 'Where full disposition of marital property is not accomplished, the trial court has not exhausted its jurisdiction and no final appealable judgment results.' "). Accordingly, we must dismiss this appeal.

"The effect of this dismissal is to recognize the jurisdiction of the trial court to enter a new judgment covering the entire case." *Crawford*, 31 S.W.3d at 453. Either or both of the parties will then have the right to appeal the circuit court's new decree of dissolution. *Id.*

The appeal is dismissed, and the case is remanded to the trial court for further proceedings consistent with this opinion.

All concur.

1. Wife claims that the evidence established that there was $15,000.00 in that safety deposit box on the first day of trial and that this entire amount should have been considered as a marital asset in the division of the property. However, a substantial amount of time passed between the first and second dates of trial, and during that time, the Peterbilt truck and the trailer used in Husband's trucking business were involved in an accident. Based on testimony from the second day of trial, the trial court found that $12,000.00 of the saved money had been moved back into the trucking business to repair the truck and trailer. Accordingly, that money was no longer in the safety deposit box and was distributed when the court included the trucking business, the truck and the trailer in its division of the property. However, according to the trial court's findings, three thousand dollars remained in the safety deposit box, and those funds were not included in the distribution of property.