**Gregory Stewart McCORD, Appellant,**

v.

**Sonya Denise McCORD, Respondent.**

**No. WD 59870.**

Missouri Court of Appeals,
Western District.

Submitted March 14, 2002.

Decided May 28, 2002.

Jeffrey S. Royer, Blue Springs, for Appellant.

Jeffrey S. Bay, Kansas City, for Respondent.

Before PAUL M. SPINDEN, C.J., P.J., JAMES M. SMART, JR., and RONALD R. HOLLIGER, JJ.

JAMES M. SMART, JR., Judge.

Appellant Gregory S. McCord appeals the judgment in his dissolution case. Respondent is Sonya D. McCord. There were four children born of the marriage.

Mr. McCord raises four allegations of error on appeal. He contends, first, that the trial court erred in entering judgment for retroactive child support for one of the children, because there was insufficient evidence on the record to support the judg-

ment in that the court failed to make a record as to how the court calculated support. Second, he contends the court erred in failing to order Mrs. McCord to provide health insurance because such insurance was available free of charge through her employer. Third, he argues the trial court erred in its judgment awarding various items of personal property and debt in that the evidence did not support the judgment. Finally, he argues that the trial court erred in failing to determine whether Mrs. McCord's retirement plan was marital or nonmarital property as required by statute and failed to allocate the property as required.

Gregory and Sonya McCord were married on September 10, 1978, and separated on October 7, 1997. All of the four children were unemancipated at the time of trial. The oldest, Christopher, is severely and permanently disabled. He resides at Truman Neurological Center, Pershing Group Home, in Raytown, Missouri, and likely will never be emancipated.

Mrs. McCord filed an application for pendente lite orders and a master was appointed to hear the issues relating to child support, attorney fees, and costs. The master made findings and recommendations that Mr. McCord pay $646.00 per month in child support and the sum of $6,323.00 in retroactive child support for the three youngest children. Mr. McCord objected to the recommendation. The trial court entered a Pendente Lite Order of $525.00 per month in child support beginning February 1, 1999, and retroactive child support of $5,490.00 for the three youngest children.

Both parties submitted Form 14's, which the trial court rejected as not supported by the evidence. The court then submitted its own Form 14 for the three youngest children, ordering Mr. McCord to pay child support in the amount of $530.00 per month beginning July 1, 2000. Both parties testified as to child support paid while the divorce was pending. Mr. McCord testified that he made payments totaling $5,775.00, Mrs. McCord testified that she had received payments of $5,397.50. The court ordered retroactive child support for Gregory J. McCord in the amount of $4,375.00. The trial court did not order retroactive child support for the other two youngest children because it found that Mrs. McCord had deprived Mr. McCord contact with these children.

Both parties testified that health insurance coverage was available through their respective employers to cover the children. Mr. McCord's cost was $102.00 per month, while Mrs. McCord incurred no expense to provide health insurance coverage. The trial court ordered Mr. McCord to maintain health, dental, and vision insurance on the minor children, and further ordered that Mr. and Mrs. McCord shall each pay 50% of the cost, expense, or charge for health care expenses actually incurred and which are not fully covered or paid by the health benefit plan.

The trial court found that the parties had already divided their personal property with the exception of a few specific items that it divided in the decree. The court also heard evidence that Mrs. McCord had previously worked for Sprint and had a retirement benefit with a stipulated present value of $9,338.66. The trial court, however, did not make any rulings or orders regarding this matter. Finally, the trial court also ordered that Mr. McCord be responsible for all of the parties' and children's medical debts, including a St. Mary's Hospital bill of $386.68.

The trial court entered his Judgment of Dissolution of Marriage on December 6, 2000. Mr. McCord took exception to the trial court's rulings on the retroactive child support, distribution of the personal prop-

erty itemized in the Judgment, order to provide health care, and failure to address the Sprint retirement plan. This appeal followed.

## Finality

In Mr. McCord's fifth point, he alleges that the trial court erred in failing to order the division of Mrs. McCord's Sprint retirement plan. Mr. McCord argues that where items of marital property are placed in evidence before the trial court but the decree is silent as to disposition of that property, it must be remanded to the trial court because the court's judgment is not final, citing *Spauldin v. Spauldin*, 945 S.W.2d 665 (Mo.App.1997). In *Spauldin*, the trial court was dissolving a thirty-seven year marriage in which detailed exhibits of marital personal property and real property were introduced into evidence. *Id.* at 666. Despite the evidence, the judgment entered by the trial court failed to mention certain stock, a life insurance policy, or interest in cooperatives. *Id.* at 667. This court found that "[t]he trial court's decree was not final because it did not distribute all of the property identified as marital property nor did it determine that the property is nonmarital or nonexistent." *Id.* at 668 (citations omitted). Because of the lack of finality of the decree, this court addressed the issue of its jurisdiction, stating:

> Although neither party raised the issue of finality before the trial court or before this court on appeal, "[t]he finality of a judgment is a jurisdictional prerequisite and it is the duty of a court sua sponte to determine its jurisdiction, and if a judgment is not final a court must dismiss the appeal." *Spence v. Spence*, 922 S.W.2d 442 (Mo.App.1996). The lack of a final judgment leaves this court

with no alternative other than to dismiss both parties' appeals.

*Id.* (citations omitted).

Likewise, in *Crawford v. Crawford*, 31 S.W.3d 451 (Mo.App.2000), where the trial court's judgment failed to distribute, divide, or dispose of the real property of the marriage, and although ·neither party raised the issue of finality, this court dismissed the case, stating: "[T]he finality of a judgment is a jurisdictional prerequisite and it is the duty of this court *sua sponte* to determine its jurisdiction. If a judgment is not final this court must then dismiss the appeal." *Id.* at 453 (citations omitted). Determining that the judgment was not final, the court wrote:

> The trial court's judgment is not final because it did not distribute all of the property identified as marital property as required by § 452.330, RSMo Cum. Supp.1999. The trial court, therefore, has not exhausted its jurisdiction. The trial court must make a distribution of marital property that is definite and capable of enforcement. Hird v. Hird, 872 S.W.2d 605, 606 (Mo.App. W.D.1994). Unless and until *all* marital property has been distributed, the trial court's judgment is not final. Id. (citing Ravenscroft v. Ravenscroft, 585 S.W.2d 270, 274 (Mo.App. W.D.1979); Anspach v. Anspach, 557 S.W.2d 3, 6 (Mo.App. 1977)).

*Id.* (emphasis theirs).

Mrs. McCord argues that the case should not be dismissed. She contends that if Mr. McCord wishes to seek an interest in the Sprint retirement plan, his recourse is a cause of action in equity. She cites *Chrun v. Chrun*, 751 S.W.2d 752 (Mo. banc 1988). In *Chrun*, the marriage was dissolved by a decree dated January 30, 1975, from which no appeal was taken.

*Id.* at 753. At the time of the dissolution, the husband was employed at the Police Department of the City of St. Louis. His statement of income and expenses, filed as an exhibit, listed his contribution to his pension plan, and he also testified as to the amount of the bi-weekly deductions from his pay for the pension contributions. *Id.* The decree, however, did not mention either the retirement or pension benefits of the husband (or a car valued at approximately $200.00). *Id.*

On May 2, 1986, eleven years after the decree became final, the wife filed a motion to modify the decree, or in the alternative to distribute undistributed assets, *i.e.,* the retirement or pension benefits. *Id.* The husband moved to dismiss, claiming that the trial court lacked jurisdiction to modify the dissolution order by modification in the original case. The court denied the motion to dismiss, and then awarded the wife "25 percent of 74 percent of the husband's current monthly pension payment from the retirement system." *Id.* at 754.

The husband appealed. The Supreme Court was faced with a conflict between the courts of appeals. The Eastern District had held that, pursuant to § 453.330, RSMo 1986, a post-decree motion to divide marital property not before the court could be brought in the court of the underlying dissolution. *Id.* The Western District had held that when a trial court had made partial distribution of property and the judgment is final, the court has no jurisdiction under a motion in the original case to determine the nature of the omitted property and provide for its distribution. The court decided that a suit in equity must be brought. *Id.* at 754–55. The Supreme Court, agreeing with the Western District, held that "*post-final-judgment* efforts to divide marital property not previously divided in a dissolution action require an independent suit in equity." *Id.* at 755 (emphasis ours). The Court stated:

> When a judgment of the trial court distributing marital property *becomes final,* it may not be modified in the same case. State ex rel. McClintock v. Black, 608 S.W.2d 405. To the extent that property is not divided by the decree of dissolution, the only remedy *after the judgment becomes final* is a separate suit in equity.

*Id.* (emphasis ours).

*Chrun* is distinguishable from the instant case. Unlike *Chrun,* where no appeal was taken from the judgment, here the undistributed property was discovered before the time for appeal had run, resulting in a judgment that is not final and from which an appeal will not lie.

This point was emphasized by the Supreme Court in *Meltzer v. Meltzer,* 775 S.W.2d 120 (Mo. banc 1989). In *Meltzer,* the wife appealed the decree of dissolution, raising a number of points including a claim that the trial court erred in failing to dispose of all of the marital assets. *Id.* at 120. The court of appeals transferred the case to the Supreme Court principally because the limited maintenance award seemed to conflict with other cases on the subject. *Id.* Holding that dismissal was appropriate due to the trial court's failure to distribute all of the marital property, the Court wrote:

> If the undistributed property is discovered before the time for appeal has run, the appellate court, when presented with an appeal raising the issue of undistributed property, must dismiss the appeal because the trial court has not exhausted its jurisdiction and has not rendered

a final judgment from which an appeal can be taken.

*Id.* at 120–121 (citations omitted).

Here, the omission of the Sprint retirement plan from the decree was discovered before the time for appeal had run, and the issue was presented with the appeal. This court must dismiss the appeal.[1] "The effect of this dismissal is to recognize the jurisdiction of the trial court to enter a new judgment covering the entire case." (*Crawford*, 31 S.W.3d at 453; *Spauldin*, 945 S.W.2d at 668 (citing *Meltzer*, 775 S.W.2d at 120–121). Either party will then have the right to appeal the trial court's new decree. *Crawford*, 31 S.W.3d at 453; *Spauldin*, 945 S.W.2d at 668; *Spence*, 922 S.W.2d at 443).[2]

The appeal is dismissed, and the case is remanded to the trial court to distribute the Sprint retirement plan.

SPINDEN and HOLLIGER, JJ., concur.

1. Mrs. McCord suggests that as an alternative, this court could enter an order distributing the retirement plan to her which would be in accordance with the testimony of the parties at trial. Presumably, this suggestion is made pursuant to Rule 84.14, which provides that an appellate court can "give such judgment as the court ought to give." Rule 84.14. However, "Rule 84.14 does not confer jurisdiction on an appellate court. It applies only where an appellate court has jurisdiction of an appeal." *Meltzer*, 775 S.W.2d at 121. Thus, this court does not have the ability to enter such an order in this matter.

2. Because there is the potential for an appeal after remand, the trial court may wish to consider an issue raised by a party in this court. In its decree, the trial court awarded a sum for retroactive child support. Generally, when an arrearage amount deviates from the presumed child support amount, it is incumbent upon the trial court to provide a record of its arrearage calculation, otherwise meaningful appellate review is impossible. See generally, *Price v. Price*, 921 S.W.2d 668, 674 (Mo.App.1996); *Woolridge v. Woolridge*, 915 S.W.2d 372, 381–82 (Mo.App.1996). The court may also wish to clarify the record regarding the china, clocks, children's pictures, and debt to St. Mary's Hospital.