**In re the Marriage of Brian Herman TEETER, Petitioner–Appellant,**

v.

**Jean Elizabeth TEETER, Respondent– Respondent.**

No. 25273.

Missouri Court of Appeals,
Southern District,
Division Two.

Sept. 22, 2003.

William McCullah, McCullah & Luna, Forsyth, for appellant.

F. William Joyner, Lowther Johnson, Springfield, for respondent.

KENNETH W. SHRUM, Judge.

Brian Teeter ("Husband") appeals from a judgment dissolving his marriage to Jean Teeter ("Wife"). On appeal, Husband presents numerous claims of alleged trial court error; however, because Husband's fifth point is dispositive, we need not consider the other issues presented by his brief. In Point V, Husband alleges the trial court erred because it failed to divide all of the marital property. We agree. Consequently, the appeal must be dismissed as the trial court's judgment is not final.

Husband and Wife were married in 1980 and accumulated significant amounts of marital assets and debts. Commendably, the trial court entered an extensive judgment of dissolution attempting to dispose of all the marital property and debts.

The trial court failed, however, to distribute a certificate of deposit ($10,000.00) and certain life insurance policies ($7,100.00). Husband and Wife both agree that the life insurance policies are marital property. Wife disagrees with Husband's contention that the certificate of deposit is marital property.

 "The trial court's decree is not final if it fails to distribute all of the property identified as marital property or fails to make a determination that the property is nonmarital or nonexistent." *In re Marriage of Bell,* 84 S.W.3d 467, 468[1] (Mo. App.2002). If the issue of undistributed property is discovered before the time for an appeal has expired, the appellate court, when faced with the issue, must dismiss the appeal because the lower court has not exhausted its jurisdiction and rendered a final judgment. *McCord v. McCord,* 75 S.W.3d 854, 857 (Mo.App.2002). The finality of a judgment is a jurisdictional prerequisite to a valid appeal. *Spence v. Spence,* 922 S.W.2d 442[1] (Mo.App.1996). The effect of a dismissal, due to the lack of a final judgment, is to recognize the jurisdiction of the trial court to enter a new judgment covering the entire case. *Livingston v. Livingston,* 58 S.W.3d 687, 689[9] (Mo.App.2001). Either party then has the right to appeal the new judgment. *McCord,* 75 S.W.3d at 858.

Here, both parties agree that the life insurance policies constitute marital property. Although the record is unclear, the court should expressly determine the status of such policies and dispose of them accordingly. *Bell,* 84 S.W.3d at 468; *Spence,* 922 S.W.2d at 442–443. The court should also consider the classification of the certificate of deposit as the evidence is unclear as to the ownership interests therein. *See Crawford v. Crawford,* 31 S.W.3d 451, 453 n. 1 (Mo.App.2000). Because the issues are unresolved, the trial court has not exhausted its jurisdiction, and no final judgment has been rendered. Consequently, although it is unfortunate that we cannot finally resolve the case, we must dismiss the appeal.

The appeal is dismissed.

PARRISH, J., and RAHMEYER, C.J.–P.J., concur.