In re the MARRIAGE OF Tracy
Lynn BODEN and Thomas
Robert Boden.

Tracy Lynn Boden,
Petitioner/Appellant,

v.

Thomas Robert Boden, Respondent.

No. ED 82891.

Missouri Court of Appeals,
Eastern District,
Division Two.

June 15, 2004.

Jane E. Tomich, Knight & Tomich, St. Charles, MO, for appellant.

Alan E. Freed, Paule, Camazine & Blumenthal, P.C., St. Louis, MO, Michael A. Turken, Turken & Associates, Inc., St. Charles, MO, for respondent.

Before GLENN A. NORTON, P.J., KATHIANNE KNAUP CRANE, J. and MARY K. HOFF, J.

PER CURIAM.

Wife appeals from a January 9, 2003 order of the trial court striking as ambiguous the paragraph of the parties' Marital Settlement Agreement, incorporated into a Judgment of Legal Separation, that provided for maintenance. We dismiss the

appeal for the reason that there is no final judgment from which an appeal may be taken, and therefore we have no jurisdiction.

Husband, Thomas Robert Boden, and wife, Tracy Lynn Boden, were married on July 27, 1991. Wife filed a Petition for Separation on December 22, 2000, in which she sought maintenance. Husband and wife signed a Marital Settlement Agreement and Parenting Plan that contained a provision for maintenance. On February 2, 2001, the trial court heard wife's evidence, approved the Marital Settlement Agreement, and incorporated it into a Judgment of Legal Separation. Over the next 23 months, the parties litigated the provisions of the Marital Settlement Agreement, which litigation resulted in a series of orders striking, rewriting and reinstating portions of the agreement.

On January 9, 2003, the trial court entered an "Order and Judgment," in which it concluded that the maintenance provision of the Marital Settlement Agreement was "vague, indefinite, ambiguous, and unenforceable," and struck it. It added: "The court may hear additional evidence on the issue of maintenance upon application." Wife appeals from this order.

Husband argues that the appeal should be dismissed because the January 9, 2003, judgment is not a final judgment, in that the issue of maintenance has not been adjudicated. We agree.

A final judgment is a prerequisite to appellate review. *Boley v. Knowles*, 905 S.W.2d 86, 88 (Mo. banc 1995); Section 512.020 RSMo (2000). If a trial court order is not a final judgment, we lack jurisdiction and must dismiss the appeal. *Boley*, 905 S.W.2d at 88. "An appealable judgment disposes of all issues in a case, leaving nothing for future determination." *Id.* For the judgment to be final and appealable, it must fully determine the rights of the parties. *Lacher v. Lacher*, 785 S.W.2d 78, 80 (Mo. banc 1990). If a judgment does not dispose of all of the issues presented by the pleadings and the evidence, it is not final and appealable. *McCord v. McCord*, 75 S.W.3d 854, 856 (Mo.App.2002); *Crawford v. Crawford*, 31 S.W.3d 451, 453 (Mo.App.2000); *Thomas v. Thomas*, 910 S.W.2d 825, 827 (Mo.App. 1995); *Schoolcraft v. Schoolcraft*, 851 S.W.2d 91, 92 (Mo.App.1993).

By striking the maintenance provision in the Marital Settlement Agreement, the court left the issue of maintenance unadjudicated. As a result, the January 9, 2003 "Order and Judgment" is not final and appealable, and we have no jurisdiction. We must dismiss the appeal.

The appeal is dismissed and the case is remanded to the trial court to determine maintenance.