**In re the MARRIAGE OF Marvin Ayers SINGLETON and Anita Beth Singleton.**

**Marvin Ayers Singleton, Petitioner–Appellant,**

**and**

**Anita Beth Singleton, Respondent–Respondent.**

No. 26989.

Missouri Court of Appeals, Southern District, Division I.

April 11, 2006.

Daniel P. Card II, Beetem & Card, L.L.C., and Lori J. Levine, Carson & Coil, P.C., Jefferson City, MO, for appellant.

William G. McCaffree, McCaffree, Landoll & Slaby, Nevada, MO, for respondent.

GARY W. LYNCH, Judge.

Petitioner Marvin Singleton (Husband) filed a petition in the Circuit Court of Newton County seeking the dissolution of his marriage to Respondent Anita Singleton (Wife). The trial court entered its Amended Judgment Entry on May 4, 2005, from which Husband appeals. Finding that the trial court's judgment fails to dispose of all of the parties' property and debts and, therefore, is not a final judgment, we dismiss Husband's appeal for lack of jurisdiction.

## 1) *Factual and Procedural Background*

Husband's Petition for Dissolution of Marriage was filed on October 21, 2002, and Wife thereafter filed her Counter Petition for Dissolution of Marriage. Trial was held on November 4 and 5, 2003, following which the trial court took the matter under advisement.

Thirteen months later on December 3, 2004, the trial court contacted the attorneys for Husband and Wife by "phone conference" and offered "to allow parties to present evidence on values or other matters since case under advisement." The next day Wife's counsel responded to the trial court's inquiry and postured for Wife as follows:

> I explained to [Wife] we must request or waive an additional hearing. [Wife] was distressed by this since she does not know with certainty [Husband's] current California income or post-trial acquisitions, and her financial condition at present is sufficiently compelling that she does not wish to be burdened with further litigation. Especially the income may be relevant to the maintenance issue which is of significance to her while she tries to finish her Doctorate degree. After considerable discussion we decided to ask the court to permit in post trial motions, either party to reopen discovery and reopen the record for a fresh record if that is deemed at that time to be needed, and the court concludes either party may have been disadvantaged by failure to consider a fresh record now, or that further inquiry is called for to permit fairness. If that is acceptable to the court we would appreciate it.

> The judgment could recite the problem and commit to address it in post-trial proceeding on a fresh record, if either party requests it. This would avoid further expense or delay in issuing judgment. If opposing counsel does not agree, I believe it is the court's prerogative and that consent of counsel is not required. If there were an appeal, that's the relief I would believe an appellate court would be compelled to order.

It would render an appeal by reason of delay pointless.

A week later on December 9, 2004, Husband's counsel responded to the trial court's inquiry, rejected Wife's counsel's suggestions, and postured for Husband as follows:

> Regarding an additional hearing, I have communicated with my client. Although he has been required to borrow substantial funds in order to maintain the property in the last year, and although there will be additional expenses due on the property in the near future, I think we either need to proceed with a Judgment or retry the case. I don't think we do anyone a service by entering some type of Interlocutory Judgment and then allowing additional discovery which would, of necessity, put the original Judgment in dispute. Either we have a Judgment or we don't. My client is agreeable for the Court to make a decision based on evidence that was presented.

Based upon these responses, the trial court concluded: "Neither party wants to present additional evidence[,]" and proceeded to execute and file its "Judgment Entry" on December 29, 2004 (December 29th Judgment).

Thirteen days later on January 11, 2005, Wife filed her Motion to Amend and Modify Judgment (Wife's After–Trial Motion) requesting that the trial court: 1) review the division of assets and "conclude a fair division"; 2) more adequately address the attorney fee and litigation expense issue; 3) allocate a capital gains liability; and 4) narrow the perceived gap in the property division with a cash award payable over a period of time.

The next day the trial court executed its "Amended Judgment Entry January 12, 2005" and filed it with the trial court clerk on January 13, 2005 (January 13th Judgment). The first paragraph of this judgment states:

> Now this 12th day of January, 2005, while the court retains jurisdiction over its judgment, and it appearing to the court that the court had erroneously placed an IRA/Mutual fund valued in the amount of $106,825 with Husband, when the court had intended for that IRA/Mutual fund to be placed in wife's possession, the court hereby amends its previous judgment, by placing that item in wife's possession in item 51 and renumbering the paragraphs thereafter. In all other respects the judgment remains the same.

Twenty-eight days later on February 10, 2005, Husband filed a "Motion for New Trial/Amend Judgment" (Husband's After–Trial Motion) moving the trial court to "vacate and set aside its Amended Judgment of January 12, 2005 (except for that portion which dissolves the marriage between the parties), to re-open the proceedings, to grant a new trial, to hear and receive additional evidence, and thereafter to enter a new and amended judgment[.]" [1] Husband argued, among other things, that the values utilized by the trial court were over a year old and were "not consistent with current values," that some assets no longer existed, and that "new assets have been acquired during the interim." In this motion, Husband identified three such assets in his possession: 1) "Wells Fargo Investments—Levi Strauss & Xerox Credit Corp." valued at $14,495.70; 2) "Permanente Medical Group Savings Plan" valued at $32,900.74; and 3) "Fidelity Salary De-

---

**1.** This motion was filed by Husband's current counsel who did not represent him during the trial or at any time in this proceeding before the filing of this motion. Husband's trial counsel later filed an application to withdraw.

ferral Plan" valued at $22,193.49. Husband also identified two debts incurred by him in the interim period between the trial and the January 13th Judgment: 1) "Citibank Mastercard," with a balance of $2,258.36; and 2) "American Express," with a balance of $100.00. These five items will be referred to as the New Property.[2]

On April 29, 2005, the trial court held a hearing on Husband's After–Trial Motion. Four days later on May 3, 2005 the court entered its "Amended Judgment Entry May 3, 2005" which was filed with the trial court clerk on May 4, 2005 (May 4th Judgment). This judgment did not address or dispose of the New Property. Husband's Notice of Appeal was filed with the trial court clerk on May 12, 2005.

### 2) *Husband's Motion to Dismiss Appeal*

Husband filed a Motion to Dismiss Appeal challenging this court's jurisdiction. Husband asserts that this court only has jurisdiction to review final judgments and that if a judgment of the trial court does not dispose of all of the parties' property, it is not final. Husband reasons that because the May 4th Judgment did not dispose of the New Property, it is not final and therefore we do not have jurisdiction to review it. Wife counters that the May 4th Judgment disposes of all property for which evidence was produced at trial, that the New Property was acquired after trial, that the trial court is not required to dispose of property acquired after trial,[3] and that, therefore, the May 4th Judgment is final, having disposed of all property mentioned in the evidence at trial.

The law on this issue has recently been addressed by this court:

"The trial court's decree is not final if it fails to distribute all of the property identified as marital property or fails to make a determination that the property is nonmarital or nonexistent." *In re Marriage of Bell,* 84 S.W.3d 467, 468[1] (Mo.App.2002). If the issue of undistributed property is discovered before the time for an appeal has expired, the appellate court, when faced with the issue, must dismiss the appeal because the lower court has not exhausted its jurisdiction and rendered a final judgment. *McCord v. McCord,* 75 S.W.3d 854, 857 (Mo.App.2002). The finality of a judgment is a jurisdictional prerequisite to a valid appeal. *Spence v. Spence,* 922 S.W.2d 442[1] (Mo.App.1996). The effect of a dismissal, due to the lack of a final judgment, is to recognize the jurisdiction of the trial court to enter a new judgment covering the entire case. *Livingston v. Livingston,* 58 S.W.3d 687, 689[9] (Mo.App.2001). Either party then has the right to appeal the new judgment. *McCord,* 75 S.W.3d at 858.

*Teeter v. Teeter,* 114 S.W.3d 882, 883 (Mo. App.2003). The only issue left for determination by this court is whether the New Property was "discovered before the time for appeal had expired." *Id.*

The trial court retains jurisdiction over a judgment for thirty days after it is filed. Rule 75.01;[4] *State ex rel. Hilburn v. Staeden,* 62 S.W.3d 58, 60 (Mo. banc 2001). "A judgment becomes final thirty days after its entry unless an authorized after-trial motion is timely filed. Rule 81.05(a)(1)."

---

2. "[A] dissolution decree is not final and appealable unless it disposes of all of the marital property *and debts.*" *Jonusas v. Jonusas,* 168 S.W.3d 117, 119–20 (Mo.App.2005) (emphasis added).

3. Wife fails to cite any authority for this proposition.

4. All references to rules are to Missouri Court Rules (2005), unless otherwise indicated.

*Berger v. Cameron Mut. Ins. Co.,* 173 S.W.3d 639 (Mo. banc 2005).

> If an authorized after-trial motion is timely filed, a judgment becomes final at the earlier of the following: (a) ninety days from the date the last timely motion was filed, on which date all motions not ruled shall be deemed overruled; or (b) If all motions have been ruled, then the date of ruling of the last motion to be ruled or thirty days after entry of judgment, whichever is later.

*Id.*

■ Wife's After-Trial Motion was timely filed, as provided in Rule 78.04, within thirty days after the December 29th Judgment, thereby extending the trial court's jurisdiction over the December 29th Judgment under Rule 81.05(a)(2) until it was ruled upon by the trial court or it was automatically overruled ninety days after its filing. The trial court never ruled on Wife's After-Trial Motion.[5] Within ninety days of its filing, and while it re-

mained pending, Husband's After-Trial Motion was filed. This motion brought to the trial court's attention the existence of the New Property. Thus, the New Property was discovered during a period of time within which the trial court had jurisdiction to divide it. *McCord v. McCord,* 75 S.W.3d 854, 857 (Mo.App.2002). Therefore, the December 29th Judgment, as well as the January 13th Judgment[6] and the May 4th Judgment, never became a final judgment for purposes of conferring jurisdiction upon this court because none divided the New Property.

■ Husband and Wife have spent much of their briefs and the oral argument in this appeal discussing the effect of Husband's "waiver" of any additional hearing contained in his letter to the trial court filed on December 9, 2004. While most of this argument was directed toward the use of stale evidence by the trial court to value the property,[7] we are cognizant of and

---

**5.** During oral argument Wife conceded that the January 13th Judgment was entered on the trial court's own motion pursuant to Rule 75.01, and not in response to Wife's After-Trial Motion. Wife further conceded that her motion was never ruled upon by the trial court.

**6.** Because this judgment was entered without any notice to Husband and without giving Husband an opportunity to be heard, as required by Rule 75.01, we question its validity. *See Seitz v. Seitz,* 107 S.W.3d 478, 484 (Mo. App.2003). If this amended judgment was void in accordance with the holding in *Seitz,* and if the December 29th Judgment had disposed of all of the parties' property and debts, as Wife contends, then Husband's After-Trial Motion filed on February 10, 2005 would not have been timely filed, as it exceeded the thirty-day period after December 29, as allowed by Rule 78.04. Wife's After-Trial Motion would have been automatically denied by the terms of Rule 81.05(a)(2) on April 11, 2005 (the ninetieth day after filing), and Husband's Notice of Appeal filed on May 12, 2005 would not have been timely filed—leaving the

December 29th Judgment as a final judgment not timely appealed by either party. However, we do not decide this issue because of our determination that the December 29th Judgment, as Husband contends, did not divide all of the parties' property and debts and, therefore, never became a final judgment for purposes of an appeal.

**7.** Due to the dismissal of this appeal we do not reach the valuation issue. Unlike the failure of the trial court to divide property and debts, valuation does not impact our jurisdiction over an appeal. No explanation appears in the record for the almost fourteen month delay between the trial and the entry of the December 29th Judgment. Given the contentious nature of this proceeding, the extensive posturing of the parties, and the changes and reversals in the parties' positions depending upon who appears to have the upper hand at any particular point in time, such a delay may have been unavoidable. In any event, in entering a final judgment the trial court will be dividing the New Property using relatively current values which were not considered in any previous division of proper-

concerned about the fact that Husband was well aware of the existence of the New Property at this point in time when he requested the trial court to proceed to judgment without taking any additional evidence. Unfortunately, even though this appears to be, at the worst, secretion of assets, and at the best, invited error, this action cannot confer jurisdiction on this court where it does not otherwise exist. *See Kelch v. Kelch,* 450 S.W.2d 202, 204 (Mo.1970); *State ex rel. Moore v. Sharp,* 151 S.W.3d 104, 111 (Mo.App.2004). However, we are confident that the trial court will take Husband's actions into consideration in entering a final judgment in this matter. As noted in *McCord,* we "recognize the jurisdiction of the trial court to enter a new judgment covering the entire case." *McCord,* 75 S.W.3d at 858.

### 3) *Decision*

Because the judgment of the trial court is not final in that it fails to divide all of the parties' property and debts, we sustain Husband's Motion to Dismiss and dismiss the appeal.

RAHMEYER, P.J., and PARRISH, J., concur.

---

ty. With regard to the other property and debts, we trust the trial court will take whatever steps are necessary and appropriate, regardless of the posturing of any party, to determine its valuation reasonably proximate to the date the division is to be effective.

*Galloway v. Galloway,* 122 S.W.3d 705, 708–09 (Mo.App.2003); *McCallum v. McCallum,* 128 S.W.3d 62, 66 (Mo.App.2003); *In re Marriage of Irions,* 988 S.W.2d 62, 65 (Mo.App. 1999); *In re Marriage of Gustin,* 861 S.W.2d 639, 644 (Mo.App.1993).