**Elizabeth A. HOPKINS, Respondent,**

v.

**Mark HOPKINS, Appellant.**

**No. 28222.**

Missouri Court of Appeals,
Southern District,
Division One.

Nov. 27, 2007.

J. Matthew Miller, Baird, Lightner, Millsap & Harpool, Springfield, MO, for Appellant.

Lisha A. Masters and Susan S. Jensen, Pratt, Fossard, Jensen & Masters, L.L.C., Springfield, MO, for Respondent.

Before PARRISH, P.J., BATES and SCOTT, JJ.

PER CURIAM.

This is an action for dissolution of marriage wherein Mark Hopkins ("Husband") appeals from the trial court's judgment of November 7, 2006.[1] On appeal, Husband presents several points of alleged trial court error; however, because Husband's first point is dispositive, we need not consider the other issues presented by his brief. In Point I, Husband alleges the trial court erred because it failed to divide all of the marital property and debts. We agree. Consequently, the appeal must be dismissed as the trial court's judgment is not final.

On September 20, 2001, Elizabeth Hopkins ("Wife") filed her petition for dissolution of marriage, and, after nearly four years of litigation, the trial court entered a judgment, adopting the findings and recommendations of a family court commissioner. Attached to said judgment, and incorporated therein, was Husband's "Exhibit 1" which divided the marital property and debts. The September 2005 judgment, however, was timely set aside and further litigation ensued. Eventually, in November 2006, the trial court entered the judgment which is the subject of this appeal. Exhibit 1 was not attached to this judgment, but was used "as a format" in dividing the parties' property and debts. Other exhibits, however, were attached to the judgment, purportedly dividing all of the marital property and debts.

After Husband filed his notice of appeal, the record, and his brief, Wife filed a motion seeking leave of this Court to allow the trial court to "correct" the judgment *nunc pro tunc* pursuant to Rule 74.06(a). Therein, Wife claimed that the failure to attach Exhibit 1 to the judgment was a "clerical error." Said motion was denied because attaching Exhibit 1 to the judgment would "conflict with schedules the trial court actually attached[,]" thereby substantively altering the judgment.[2] In her brief, Wife asks this Court to "reconsider" that ruling; the Court hereby denies Wife's request.

Turning now to Husband's first point, he alleges the trial court erred because it failed to dispose of all the marital property and debt; thus, he claims the judgment is not final. Because Exhibit 1 was not attached to the judgment, Wife admits the following in her brief: "As the Judgment currently exists, Wife can make no non-frivolous argument that the property division is complete. Wife acknowledges that the law would require the property division as it is currently set forth in the Judgment to be reversed and remanded for failure to divide all the property and debts." We agree with the parties' assertions.

"Without a final judgment, an appellate court lacks jurisdiction, and the appeal must be dismissed." *Neely v. Neely*, 169 S.W.3d 577, 579 (Mo.App.2005). A

---

1. The Greene County Circuit Court adopted the findings and recommendations of the family court commissioner and entered judgment accordingly. Rule 129.09.

2. The purpose of a *nunc pro tunc* amendment is to make the record conform to what was actually done. A *nunc pro tunc* order may be used only to correct a clerical error in entering a rendered judgment, not to alter or amend the rendered judgment. *Pirtle v. Cook*, 956 S.W.2d 235, 241 (Mo. banc 1997). *Nunc pro tunc* does not lie to correct judicial omission or oversight; to show what the court might or should have done as distinguished from what it actually did; or to conform to what the court intended but did not do. *McMilian v. McMilian*, 215 S.W.3d 313, 320 (Mo.App.2007).

dissolution judgment is not final if it fails to divide all of the marital property and allocate all of the marital debts. *Teeter v. Teeter*, 114 S.W.3d 882, 883 (Mo.App.2003); *Michel v. Michel*, 94 S.W.3d 485, 488–89 (Mo.App.2003). "The effect of a dismissal, due to lack of a final judgment, is to recognize the jurisdiction of the trial court to enter a new judgment covering the entire case." *Teeter*, 114 S.W.3d at 883.

The judgment fails to distribute all of the marital property and allocate all of the marital debt. Thus, it is not final. The appeal must be, and is hereby, dismissed.