Francis B. PLUMMER and Ruth S. Plummer, Plaintiffs–Respondents,

v.

UNITED SAVINGS & LOAN ASSOCIATION, Defendant–Appellant.

No. 16302.

Missouri Court of Appeals, Southern District, Division One.

Dec. 28, 1989.

James K. Justus, Forsyth, William F. McCullah, Springfield, for plaintiffs-respondents.

Gregory D. Williams, Sunrise Beach, for defendant-appellant.

PREWITT, Judge.

Plaintiffs filed a three-count petition. Count I sought a permanent injunction to prevent defendant from foreclosing a deed of trust covering property owned by plaintiffs. Count II sought declaratory judgment on whether plaintiffs were in default on a note, the payment of which was secured by the deed of trust. Count III sought money damages.

The trial court severed, for trial, Counts I and II from Count III. Following nonjury trial that court entered a "Judgment Entry" granting the relief plaintiffs sought in Counts I and II. According to the record filed here no entry has been made regarding Count III. It apparently still pends in the trial court. Defendant filed a notice of appeal following the "Judgment Entry".

Although not questioned by the parties, this court is obligated to determine if it has jurisdiction. *Boatner v. Slusher, Inc.*, 614 S.W.2d 35 (Mo.App.1981). Except for a few types of cases covered elsewhere, § 512.020, RSMo 1986, provides for when appeals may be taken. It is applicable here. Generally, for there to be an appealable judgment under that section, all claims between all parties must be determined. Rule 74.01(b); *Ritter v. Aetna Casualty & Surety Co.*, 686 S.W.2d 563, 564 (Mo.App. 1985).

The only additional factor to be considered is the exception stated in Rule 74.-01(b), that the trial court may enter an appealable judgment on less than all claims or parties if it makes "an express determination that there is no just reason for delay." No such determination was made here.

There is no judgment here from which an appeal will lie. The appeal is dismissed.

CROW, P.J., and GREENE, J., concur.