SERTOMA BUILDING CORPORATION, Plaintiff,

v.

Paul O. JOHNSON, Geneva Ann Johnson and Gary Fuller, Defendants–Appellants,

v.

AMERICAN TITLE INSURANCE COMPANY, Third–Party Defendant–Respondent.

No. 18767.

Missouri Court of Appeals, Southern District, Division Two.

Nov. 5, 1993.

Stephen P. Seigel, Springfield, for defendants-appellants.

Raymond I. Plaster, Champion & Plaster, P.C., Springfield, for third-party defendant-respondent.

PREWITT, Judge.

Plaintiff filed a two-count petition against defendants. Count I sought an injunction prohibiting foreclosure of certain real estate. That count also sought an order declaring the promissory note and deed of trust cancelled; a declaration that plaintiff was the owner of the real estate; and removal of defendant Fuller as trustee. The remaining count of the petition sought damages for slander of title. Summary judgment was granted on Count I with the trial court finding, in accordance with Rule 74.01(b), that there was no just reason for delay. That summary judgment was affirmed here. *Ser-toma Bldg. Corp. v. Johnson,* 857 S.W.2d 858 (Mo.App.1993).

Previous to that summary judgment, defendants filed a third-party action against American Title Insurance Company. Summary judgment in favor of third-party defendant on that claim was entered on April 19, 1993. There was no finding in the order granting summary judgment of "an express determination that there is no just reason for delay". Such a finding may have made the latter summary judgment final for purposes of appeal under Rule 74.01(b). The record does not show any disposition of Count II of plaintiff's petition.

"Although not questioned by the parties, this court is obligated to determine if it has jurisdiction." *Plummer v. United Sav. & Loan Ass'n,* 781 S.W.2d 827, 828 (Mo.App. 1989). Under Rule 74.01(b), for there to be an appealable judgment, all claims between all parties must be determined. *Id.* See also *Boatmen's Nat. Bank v. La Maison des Blanc, Inc.,* 811 S.W.2d 814 (Mo.App.1991). Rule 74.01(b) is set forth marginally.[1]

The grant of summary judgment on a third-party claim is not appealable where the plaintiff's petition still pends unless the trial court makes a determination that there is no just reason for delay. *Southtown Dental Center v. Patrick,* 770 S.W.2d 524, 525 (Mo. App.1989). As there are still issues between the parties and the trial court did not make this determination, the order granting this summary judgment is not appealable.

The appeal is dismissed.

CROW and GARRISON, JJ., concur.

1. **(b) Judgment Upon Multiple Claims or Involving Multiple Parties.** When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may enter a judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay. In the absence of such determination, any order or other form of decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.