**LCA LEASING CORP., formerly LSA Leasing Corporation, Plaintiff–Respondent,**

v.

**BOLIVAR PROFESSIONAL PHARMACY, INC., Fred B. Houston, and Independent Photo Industries, Inc., Defendants,**

and

**Larry K. McMeans, Defendant–Appellant.**

No. 19798.

Missouri Court of Appeals, Southern District.

June 27, 1995.

Louis A. Silks, Jr., Kansas City, for appellant.

S.W. Longan, III and Patricia L. Lear–Johnson, Kansas City, for respondent.

PREWITT, Judge.

This action was instituted against four defendants. The record shows that judgment was entered against three of them. No result appears against Independent Photo Industries, Inc.

Although not questioned by the parties, this Court must determine if it has jurisdiction of an appeal. *Sertoma Bldg. Corp. v. Johnson*, 864 S.W.2d 25, 26 (Mo.App.1993). Under the provisions of Rule 74.01(b), to have an appealable judgment all claims between all parties must be determined. *Id.*

There is an exception to this general rule, as stated in Rule 74.01(b), that the trial court may enter an appealable order on less than all claims or parties if it makes "an express determination that there is no just reason for delay." *Plummer v. United Savings & Loan Assoc.*, 781 S.W.2d 827, 828 (Mo.App.1989). No such finding was made here.

The record shows no disposition by judgment or dismissal relating to Independent

Photo Industries, Inc. There is some indication that it is "defunct" and was not served, although neither appears clear from the record. While "defunct" may indicate a corporation is not presently doing business, it does not necessarily mean it is no longer in existence. "Defunct" is defined as "having ceased to exist; no longer operative. Deceased; a deceased person. A business which has ceased to function." BLACK'S LAW DICTIONARY 423 (6th ed. 1990). *See also* THE RANDOM HOUSE DICTIONARY OF THE ENGLISH LANGUAGE 524 (2d ed. 1987) (Defunct: no longer in effect or operating or functioning or no longer in existence).

Even if the corporation has been dissolved or its charter forfeited, an "action shall not be affected thereby and any judgment obtained shall have the effect of a judgment against the directors and officers in office when any such dissolution or forfeiture occurs, in their representative capacity, although they were not joined in the action" Rule 52.13(e).

■ Nor does the lack of service, if it occurred, change the general rule of appealability. For there to be a final judgment there must be a disposition of claims against all parties, even those unserved. *State ex rel. Schweitzer v. Greene*, 438 S.W.2d 229, 231–232 (Mo. banc 1969); *Cooper v. Barr*, 413 S.W.2d 219, 221 (Mo.1967); *Earls v. Farmers Prod. Credit Ass'n.*, 763 S.W.2d 694, 700–701 (Mo.App.1988); *Maurer v. Clark*, 727 S.W.2d 210, 211 (Mo.App.1987). *But see Citizens Bank & Trust of Rock Port v. Mitchell*, 652 S.W.2d 202 (Mo.App.1983).

As there is no disposition shown of a party, there is not a judgment here. This court lacks jurisdiction to proceed on the merits.

The appeal is dismissed.

GARRISON, P.J., and CROW, J., concur.