

# In the
# Missouri Court of Appeals
## Western District

IRINA BOONE,

                Appellant,

v.

DENNIS BOONE,

                Respondent.

WD77094

OPINION FILED:

AUGUST 12, 2014

**Appeal from the Circuit Court of Jackson County, Missouri**
**The Honorable James Dale Youngs, Judge**

**Before Division Two: Victor C. Howard PJ., James E. Welsh, Anthony Rex Gabbert JJ.**

Irina Boone (Wife) appeals the circuit court's judgment dissolving her marriage to Dennis Boone (Husband). Because the circuit court failed to address and distribute a pension identified in the record as marital property, the court's judgment is neither final nor appealable. We, therefore, dismiss this appeal for lack of jurisdiction.

Husband and Wife were married in 1999. Wife petitioned the court for dissolution of the marriage in October of 2012. Husband filed an answer to Wife's petition in November of 2012 and, thereafter, filed a Statement of Marital and Non-Marital Assets and Debts. Therein, Husband listed as marital property a "Knight-Ridder/McClatchy Pension" that yields a net

monthly benefit of $584.[1]  At trial, Husband testified that he believed the portion of the pension he earned prior to marriage should be set aside to him and that Wife would be entitled to 50% of the portion of the pension earned during the marriage.  The court's Amended Judgment of Dissolution of Marriage does not reference this pension.

Wife asserts three points on appeal.  As her first point is dispositive and necessitates dismissal of this appeal, we do not reach the merits of her additional contentions.  Wife's first point charges, in part, that the circuit court erred in failing to distribute the marital property associated with the Knight-Ridder/McClatchy pension.  Wife argues that, by failing to distribute this property, the circuit court retains jurisdiction and we must dismiss this appeal.  We agree.

Husband opposes this disposition on two grounds.  First, Husband argues that the court did, in fact, distribute the pension.  Husband acknowledges that the Knight-Ridder/McClatchy pension is identified as marital property in his Statement of Marital and Non-Marital Assets and Debts and that each party testified at trial regarding the pension.  Husband also acknowledges that the court's judgment "did not specifically identify the pension."  However, Husband argues that, by not specifically identifying the pension, the court considered the pension an item of "personal property" and distributed it to Husband by the mandate that "each party shall have the exclusive ownership and sole possession of all personal property currently in his or her possession."

We find no support in the record that the pension was classified by the court as "personal property" and distributed as such.  Husband's own Statement of Marital and Non-Marital Assets

---

[1]This pension was listed separately from an IRA that Husband identified as non-marital property and indicated was a "rollover from Knight-Ridder/McClatchy Newspaper 401k." On his Statement he assessed that IRA a balance prior to marriage of $130,000 and a present value of $103,265.49.

and Debts classifies the pension as "retirement, pension and/or profit sharing," not personal property. Except for this pension, the court identified by name, and explained in detail, the distribution of every other marital and non-marital asset qualifying as "retirement, pension and/or profit sharing." In its judgment, the court distributed Husband's Knight-Ridder/McClatchy 401k, Husband's 401k through Show-Me Publishing, and Wife's 401k through Commerce Bank. Thus, we cannot agree that the court's silence with regard to the pension resulted in default assignment of the pension as an "item of personal property."[2] As there were other assets similar in name and nature to the Knight-Ridder/McClatchy pension, specifically the Knight-Ridder/McClatchy 401k, we find that the court's failure to identify and distribute this pension was most likely an oversight. However, we note that, if the court did intend to designate the pension as "personal property," the court did not make that clear in its judgment. Therefore, if the court had the unlikely intent that Husband argues, the lack of definiteness in the judgment would also result in a failure of the judgment to properly distribute the marital property and would also warrant dismissal of the appeal. *Jonusas v. Jonusas*, 168 S.W.3d 117, 120 (Mo. App. 2005).

Second, Husband argues that Wife should be precluded from raising this issue because she failed to raise it in her motion to amend the judgment. He argues that Rule 78.07(c) requires that all errors relating to the form or language of the judgment, including the failure to make statutorily required findings, be raised in a motion to amend for preservation of appellate review. Here, however, Wife's allegation of error does not relate to the form or language of the judgment

---

[2] After review of the court's entire judgment, it appears that the court's distribution of "all personal property currently in his or her possession" references the "Household and Personal Goods" portion of Husband's Statement of Marital and Non-Marital Assets and Debts.

3

or the court's failure to make statutorily required findings. Her allegation is that the court erroneously failed to distribute all of the marital assets that were properly before the court.

In a case tried without a jury, such as we have here, Rule 78.07(b) provides that, except for errors relating to the form or language of the judgment or the court's failure to make statutorily required findings, "neither a motion for new trial nor a motion to amend the judgment or opinion is necessary to preserve any matter for appellate review." Therefore, Wife did not waive this claim of undistributed assets by failing to raise it in her motion to amend. While we are cognizant that the trial court was not given the opportunity to correct this potential oversight, and discovery of and raising the issue in a motion to amend might have resulted in a more expeditious resolution of this particular issue, we cannot confer jurisdiction on this court where none exists. *See In re Marriage of Singleton*, 188 S.W.3d 468, 473 (Mo. App. 2006).

"If [] undistributed property is discovered before the time for appeal has run, the appellate court, when presented with an appeal raising the issue of undistributed property, must dismiss the appeal because the trial court has not exhausted its jurisdiction and has not rendered a final judgment from which an appeal can be taken." *Meltzer v. Meltzer*, 775 S.W.2d 120, 120-21 (Mo. banc 1989). Even where no party raises the issue of finality with the trial court or with this court, the finality of a judgment is a jurisdictional prerequisite and we have a duty *sua sponte* to determine our jurisdiction. *Crawford v. Crawford*, 31 S.W.3d 451, 453 (Mo. App. 2000). "An appellate court must inquire into the trial court's jurisdiction because appellate jurisdiction cannot be conferred by waiver, acquiescence, or even express consent." *Ruestman v. Ruestman*, 111 S.W.3d 464, 477 (Mo. App. 2003). As the omission of the pension from the court's

4

judgment was discovered before the time for appeal had run, we dismiss this appeal.

_____

Anthony Rex Gabbert, Judge

All concur.