

# In the
# Missouri Court of Appeals
# Western District

PAUL FREGEAU, )
)
        Appellant, ) WD81731
)
v. ) OPINION FILED: June 28, 2019
)
CAROL FREGEAU, )
)
        Respondent. )

**Appeal from the Circuit Court of Cass County, Missouri**
The Honorable R. Michael Wagner, Judge

Before Division Two: Thomas N. Chapman, Presiding Judge, Mark D. Pfeiffer, Judge
and Cynthia L. Martin, Judge

Paul Fregeau ("Husband") appeals from the trial court's judgment that dissolved his marriage to Carol Fregeau ("Wife") and that, in dividing marital property and marital debt, ordered Husband to pay a cash equalization payment of $150,000 to Wife. Husband argues that the equalization payment represented half of the value of his teacher retirement account, non-marital property that was not subject to division. Because the judgment failed to distribute all property and debt identified in the evidence, the judgment is not final, requiring dismissal of this appeal.

## Factual and Procedural History[1]

Husband and Wife married in April 1986.  During the marriage, they had two children, both of whom are emancipated.  Husband and Wife separated in February 2016.  Husband filed a petition for dissolution of marriage which asked the trial court to divide marital property and debts, and to order that no maintenance be paid to either party.  Wife filed an answer and counter-petition for dissolution of marriage, asking the trial court to divide marital property and debts, and to award Wife maintenance.

During a bench trial in September 2017, Husband and Wife testified, and submitted their respective income and expense statements.  Husband submitted a statement of marital and non-marital property and debts.  In addition, the parties submitted a collective statement prepared at the court's direction which reflected each parties' position about whether identified property or debt was marital or non-marital.

Husband testified that he was working as the superintendent of schools in Decatur, Illinois, and had previously worked as an assistant superintendent in the North Kansas City school district.  Husband's income and expense statement indicated that his gross monthly income was $16,416, and that his average monthly expenses were $8,975.

Wife testified that, at the time of trial, she worked for Sioux Chief, earning $12.82 per hour.  Wife testified that she had previously worked as a dental hygienist but quit that job in 2014 or 2015.  Wife explained that the industry had changed and the job became too stressful for her.  In 2013, Wife earned approximately $66,000 as a dental hygienist.  Wife's

[1]We view the evidence and all reasonable inferences drawn therefrom in the light most favorable to the trial court's judgment, and we disregard all contrary evidence and inferences.  *Archdekin v. Archdekin*, 562 S.W.3d 298, 304 (Mo. banc 2018).

2

income and expense statement provided that, at the time of trial, her total monthly gross income was $1,243.70, and her average monthly expenses were $1,634.52.

The evidence identified the following property for which the status as marital or non-marital needed to be determined, and the property thereafter distributed: (1) a home in Decatur that had $2,000 in equity; (2) a 2015 Jeep Cherokee in Husband's possession whose value was approximately the amount owed on the vehicle; (3) a checking account in Husband's name worth approximately $4,000; (5) a savings account in Husband's name worth approximately $5,000; (6) a whole life insurance policy in Wife's name that had a cash value of $16,735; (7) a basic life insurance policy with no cash value; (8) a 2007 Pontiac in Wife's possession with a value of $3,500; (9) a 2012 Harley Davidson motorcycle in Wife's possession whose value was approximately the amount owed on the motorcycle; (10) a 1999 Jeep Cherokee in the possession of one of the parties' sons; (11) Wife's Sioux Chief retirement account worth approximately $1,000; and (12) Husband's retirement account with the Public School Retirement System of Missouri ("PSRS") with an approximate value of $298,747. Husband testified that, if he chose to do so, he would be entitled to receive $5,000 per month from his PSRS retirement account, beginning in December 2017.

The evidence identified the following debts for which the status as marital or non-marital needed to be determined, and the debt thereafter assigned: (1) $250,000 mortgage on the home in Decatur; (2) $35,000 loan on the 2015 Jeep Cherokee; (3) $70,470 in student loans used for the education of Husband and the two children; (4) $20,150 on a debt consolidation loan; (5) $13,000 on a home improvement loan; (6) $1,800 for the purchase

3

of furniture for the home in Decatur; (7) $22,000 in credit card debt; and (8) $5,000 loan on the 2012 Harley Davidson.

Husband asked the trial court to award the parties their separate vehicles and homes, to assign Husband all of the marital debt, to award Husband the life insurance policy, and to deny Wife's claim for maintenance. Husband asked the court to award him the PSRS account as non-marital property not subject to division under Missouri law. Husband further requested that if the court awarded maintenance to Wife, the award should be minimal and that Wife should be ordered to pay half of the marital debt.

Wife testified that if the trial court divided the property as Husband requested, she would not have enough money to maintain a reasonable lifestyle, and that she was entitled to maintenance. Wife acknowledged, however, that she would be able to support herself if she earned $32 per hour, the amount Wife earned when she quit working as a dental hygienist. Wife argued that even though Husband's PSRS retirement account was non-marital property that could not be divided under Missouri law, a fair and equitable division of the marital assets required the trial court to consider the value of the PSRS retirement account.

The trial court orally announced its findings and conclusions from the bench, and instructed the attorneys to prepare a proposed written judgment. The trial court orally announced that the evidence failed to establish that either party was entitled to maintenance from the other. The trial court orally announced its intent: (i) to award both parties the property currently in their possession; (ii) to award Husband the 2015 Jeep Cherokee, the 1999 Jeep Cherokee, and the home in Decatur after finding all were marital property; (iii)

4

to award Wife the 2007 Pontiac, the whole life insurance policy, and the Sioux Chief retirement account after finding all were marital property; and (iv) to assign all debts to Husband with the exception of the loan for the Harley Davidson, which the trial court assigned to Wife. With respect to Husband's PSRS retirement account, the trial court orally announced:

> [W]e have a problem with equalization of property here. Wife did contribute in the marriage and it is not--it is not equitable the way it is. I don't think-- the court has found that Wife doesn't qualify for maintenance under the statute, however, we do have a situation where Husband has a significant income and more is coming that way. [The court cannot divide the PSRS retirement account], but I think it is appropriate to give Wife a judgment in the amount of $150,000 to equalize the property.

The trial court rejected Husband's contention that it was improperly relying on the value of the PSRS retirement account to materially affect the division of marital property.

The trial court entered a written judgment on February 21, 2018. The judgment dissolved the parties' marriage, divided marital property and debts, and denied Wife's request for maintenance. The judgment awarded both parties "[a]ll personal property including any household furniture and furnishings, all clothing and jewelry" of which each currently had in their possession; awarded Husband the Decatur home, the 2015 Jeep Cherokee, any life insurance policies maintained by him or on behalf of his employer, and the checking and savings accounts in Husband's name; awarded Wife the 2007 Pontiac, any life insurance policies maintained by her or on behalf of her employer, and the whole life insurance policy valued at approximately $16,735; awarded a cash equalization payment of $150,000 to be paid by Husband to Wife; and itemized marital debts which were all assigned to Husband, though the itemization did not include the loan for the Harley

5

Davidson. The judgment expressly found that Husband's PSRS retirement account was Husband's non-marital property. The judgment did not specifically address the 1999 Jeep Cherokee, Wife's Sioux Chief retirement account, the 2012 Harley Davidson, or the $5,000 loan against the Harley Davidson, though said items were addressed in the court's oral pronouncement from the bench at the time of trial.

Husband filed a motion and suggestions to modify the judgment ("motion to modify") which argued that the trial court's division of property and debts was "unfair, unjust, and unconscionable" because it awarded 99 percent of the marital property to Wife and 1 percent of the marital property to Husband while also ordering Husband to pay 100 percent of the marital debt. The motion to modify further argued that, in ordering a $150,000 equalization payment, the trial court effectively awarded Wife one-half of the Husband's PSRS retirement account, despite its status as non-marital property not subject to division between spouses under Missouri law. Wife opposed Husband's motion to modify and requested that the trial court award her attorney fees. Neither party advised the trial court of the judgment's failure to address all of the property and debt identified in the evidence.

The trial court denied Husband's motion to modify and Wife's request for attorney fees. Husband appeals.

**Analysis**

Husband argues that the trial court's award of an equalization payment had the effect of erroneously classifying his PSRS retirement account as marital property subject to division between spouses. Husband also argues that the equalization payment erroneously

6

considered the value of the non-marital PSRS retirement account in a manner that materially impacted the overall division of marital property. We are unable to reach the merits of Husband's appeal.

We are required to examine, *sua sponte*, whether the trial court's judgment was final, as in the absence of a final judgment, we do not have jurisdiction to entertain this appeal. *Boone v. Boone*, 438 S.W.3d 494, 497 (Mo. App. W.D. 2014). While a petition for dissolution advances a single claim, there are multiple issues within that claim, including property division, child custody and support, and maintenance. *Archdekin v. Archdekin*, 562 S.W.3d 298, 305 (Mo. banc 2018). Section 452.330.1[2] requires the trial court in a dissolution proceeding to "set apart to each spouse such spouse's nonmarital property and [to] divide the marital property and marital debts in such proportions as the court deems just." Thus, to be a final judgment, a dissolution judgment must distribute all of the spouses' property. *Archdekin*, 562 S.W.3d at 305.

The evidence established that the 1999 Jeep Cherokee, Wife's Sioux Chief retirement account, the 2012 Harley Davidson motorcycle, and the $5,000 loan against the Harley Davidson motorcycle, were items the court was required to distribute. We considered whether a similar omission rendered a dissolution judgment not final in *Boone v. Boone*. There, despite hearing evidence regarding the husband's pension and making conclusions and distributing similar retirement accounts, the trial court's judgment made no reference to the pension. 438 S.W.3d at 495. The wife argued on appeal that, by failing

---

[2]All statutory references are to RSMo 2016 unless otherwise indicated.

to distribute the husband's pension, the trial court retained jurisdiction over the case and that the appeal must be dismissed for want of a final judgment. *Id.* The husband disagreed, arguing that his pension account was encompassed within the judgment's conclusion that "each party shall have the exclusive ownership and sole possession of all personal property currently in his or her possession" so that the judgment was final. *Id.* at 495-96. We rejected the husband's argument, concluding that husband's pension was not "personal property" that could be fairly viewed as having been distributed by a catchall provision in the judgment. *Id.* at 496. We recognized that, even though the wife failed to raise the omitted property as an issue in her post-trial motion to amend the judgment, "we [could not] confer [appellate] jurisdiction on this court where none exists" because "'appellate jurisdiction cannot be conferred by waiver, acquiescence, or even express consent.'" *Id.* at 496-97 (quoting *Ruestman v. Ruestman*, 111 S.W.3d 464, 477 (Mo. App. S.D. 2003)). Thus, we dismissed the appeal. *Id.* at 497.

We are compelled to reach the same result here. Though the judgment awarded "[a]ll personal property including any household furniture and furnishing, all clothing and jewelry" in the parties' possession to each party, this catchall provision is insufficient to address the Sioux Chief retirement account according to *Boone.* This catchall provision also fails to address the debt owed against the Harley Davidson, or the 1999 Jeep Cherokee which, though personal property, was not in either parties' possession based on the evidence, and was the subject of disagreement with respect to its status as marital or non-marital property. Though the catchall provision could arguably be construed to cover the 2012 Harley Davidson, personal property established by the evidence to be in Wife's

possession, it nonetheless remains that the judgment failed to address all of the property and debt identified in the evidence.

The written judgment's deficiency in this regard cannot be cured by the trial court's oral pronouncements from the bench. "[T]he general rule [is] that 'oral comments should not be considered where [as in this case] findings of fact and conclusions of law have not been requested but are gratuitously provided by the trial court.'" *Scholz v. Schenk*, 489 S.W.3d 306, 311 (Mo. App. W.D. 2016) (quoting *Harvey v. Dir. of Revenue*, 371 S.W.3d 824, 827 (Mo. App. W.D. 2012)). There is some authority for the proposition that an appellate court may look to contemporaneous oral statements of a judge to "'throw light upon the view the court took of [a] case during its progress and at the time of its [judgment],'" especially where a judgment is "'ambiguous, uncertain, or incomplete.'" *Navarro v. Navarro*, 504 S.W.3d 167, 173 (Mo. App. W.D. 2016) (quoting *Scholz*, 489 S.W.3d at 312). However, that authority does not extend to supplying a written dissolution judgment with unexpressed provisions required to satisfy the trial court's obligation under section 452.330.1 to "set apart to each spouse such spouse's nonmarital property and [to] divide the marital property and marital debts in such proportions as the court deems just." Stated another way, a written dissolution judgment which fails to distribute all property or debt identified in the evidence is not final for purposes of appeal, and cannot be made so by resort to oral statements made by the judge at trial.

Because the judgment is not final, we do not have jurisdiction to consider Husband's appeal. We recognize that dismissal of this appeal results in judicial inefficiency. However, the parties were expressly asked to prepare a proposed written judgment for the

9

trial court to consider, and were well-positioned to ensure that the judgment divided all of the property and debt identified by their evidence. The trial court cannot be faulted for the parties' failure to bring the judgment's deficiencies in this regard to the trial court's attention. Thus, regardless the unfortunate resulting inefficiency, we have no authority to confer appellate jurisdiction on ourselves where none exists. We dismiss Husband's appeal and remand this matter to the trial court for the entry of a judgment that satisfies section 452.330.1 with respect to all of the property and debt identified in the evidence. Because the judgment entered in this case is not final, the trial court's authority on remand is not limited to modifying the existing interlocutory judgment to address all of the property and debt identified in the evidence.[3]

## Conclusion

The appeal is dismissed for lack of a final judgment. This case is remanded to the trial court with instructions to enter a judgment addressing all of the parties' marital and non-marital property and debts.

Cynthia L. Martin, Judge

All concur

---

[3]On remand, the trial court should carefully reconsider its award of a $150,000 equalization payment to Wife. The interlocutory judgment entered by the trial court in this case is nearly impossible to distinguish from the judgment deemed to be an abuse of discretion in *In re Marriage of Reese*, 155 S.W.3d 862 (Mo. App. S.D. 2005), where the trial court ordered a "credit" in husband's favor from the proceeds of the sale of marital property in an amount that approximated one-half of wife's non-marital teacher retirement account.