

# In the Missouri Court of Appeals
## Western District

| | | |
|---|---|---|
| C.G. SEWING, | ) | |
| Appellant, | ) | |
| v. | ) | |
| | ) | **WD82320** |
| SCOTTISH RITE OF KANSAS CITY, et al., | ) | |
| | ) | |
| Respondents. | ) | **FILED:  September 3, 2019** |

## APPEAL FROM THE CIRCUIT COURT OF JACKSON COUNTY
### THE HONORABLE MARCO ROLDAN, JUDGE

### BEFORE DIVISION TWO: LISA WHITE HARDWICK, PRESIDING JUDGE,
### THOMAS H. NEWTON AND MARK D. PFEIFFER, JUDGES

C.G. Sewing appeals the circuit court's entry of summary judgment in favor of Scottish Rite of Kansas City, Scottish Rite Temple Association of Kansas City, Missouri, Michael D. Wheeler, and Robert L. Harman (collectively, "Respondents") on her petition for damages alleging violations of the Missouri Human Rights Act ("MHRA").  The court granted summary judgment on the basis that Respondents did not employ six or more employees and therefore were not an "employer" for the purposes of the MHRA.  For reasons explained herein, we dismiss the appeal on jurisdictional grounds for lack of a final judgment.

### FACTUAL AND PROCEDURAL HISTORY

Sewing filed a petition for damages alleging that Respondents and the Orient of Missouri - Scottish Rite ("the Orient") had engaged in sexual harassment, sex or gender

discrimination, and retaliation in violation of the MHRA. Respondents moved for summary judgment, alleging that because they did not employ more than six employees, they were not subject to the provisions of the MHRA. After Sewing filed suggestions in opposition, the circuit court entered an "Order Granting Defendant's Motion for Summary Judgment" on October 24, 2017. The order expressly granted judgment as a matter of law in favor of Respondents on all of Sewing's claims.

Three months later, on January 23, 2018, Sewing filed a motion to amend the order, requesting that the circuit court reconsider and deny Respondents' motion for summary judgment and reopen the discovery period. Sewing asserted that her motion was timely because the court had not yet entered a final judgment. Respondents argued that the court's order dated October 24, 2017, was, in fact, a final judgment pursuant to Rule 74.01(a) and that any motion to amend was untimely based on the thirty-day filing period for post-judgment motions in Rule 78.04. Ten months later, the circuit court denied Sewing's motion to amend but agreed to retitle the previous order of October 24, 2017, as a "Judgment" to comport with Rule 74.01. The judgment was entered on October 19, 2018. Sewing appeals.

## ANALYSIS

During oral arguments before this court, Sewing asserted, for the first time, that a final judgment did not exist in this case because her claims against the Orient were not disposed of by the court's entry of summary judgment in favor of Respondents. We must address this contention as a threshold matter because "appellate jurisdiction cannot be conferred by waiver, acquiescence, or even express consent." *Boone v. Boone*, 438 S.W.3d 494, 497 (Mo. App. 2014).

2

"In Missouri, the right to appeal is statutory." *Marquez v. Marquez*, 136 S.W.3d 574, 578 (Mo. App. 2004). "A final judgment is a prerequisite to appellate review." *Ndegwa v. KSSO, LLC*, 371 S.W.3d 798, 801 (Mo. banc 2012). "Generally, a judgment is final if it disposes of all the issues with respect to all parties and leaves nothing for future determination." *ABB, Inc. v. Securitas Sec. Servs. USA, Inc.*, 390 S.W.3d 196, 200 (Mo. App. 2012).

Here, Sewing's action was instituted against five parties. The record demonstrates that judgment was entered in favor of four of the five parties. Rule 74.01(b) makes an exception to the general rule by allowing a circuit court to enter an appealable order on fewer than all claims and parties if it makes "an express determination that there is not just reason for delay." Where, as here, the circuit court does not make such determination, an order that "adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties[.]" Rule 74.01(b).

Respondents argue that the Orient has never been a viable legal entity capable of service or suit and therefore was not a party to this action. The parties agree that the Orient was never served, but the record is otherwise unclear as to the legal status of the Orient. Consequently, we cannot conclude that the Orient is not a party to this action. "For there to be a final judgment there must be a disposition of claims against all parties, even those unserved." *LCA Leasing Corp. v. Bolivar Prof'l Pharmacy, Inc.*, 901 S.W.2d 342, 343 (Mo. App. 1995). Accordingly, the circuit court was required to adjudicate Sewing's claims against the Orient in order to issue a final, appealable

judgment in this matter.  *Id*; *see also* Rule 74.01.  The appeal is dismissed because we lack jurisdiction to entertain Sewing's claims.

### CONCLUSION

We dismiss the appeal for lack of jurisdiction.

/s/ *Lisa White Hardwick*

**LISA WHITE HARDWICK, JUDGE**

ALL CONCUR.