

# In the
# Missouri Court of Appeals
## Western District

| | | |
|---|---|---|
| **DUANE SCHREIMANN,** | ) | |
| | ) | |
| **Respondent** | ) | **WD83025** |
| | ) | |
| **DANIEL BARKHO,** | ) | **OPINION FILED: March 3, 2020** |
| | ) | |
| **Respondent,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| **DOUGLAS READY,** | ) | |
| | ) | |
| **Appellant.** | ) | |

**Appeal from the Circuit Court of Boone County, Missouri**
The Honorable Jodi C. Asel, Judge

Before Division Two: Cynthia L. Martin, Presiding Judge, Thomas H. Newton, Judge
and Gary D. Witt, Judge

Douglas Ready ("Ready") appeals from the judgment of the Circuit Court of Boone

County in an interpleader action awarding $28,804.85 to Beth Armstrong ("Armstrong")[1]

and $8,604.05 to Daniel Barkho ("Barkho"). The circuit court also entered judgment

against Ready in favor of Armstrong and Barkho in the amounts of $7,490.00 and

---

[1] Ready and Armstrong were married in 1992 and their marriage was dissolved. Various documents in the legal file refer to Armstrong as Beth Ready. For clarity, we use Armstrong's current name throughout this opinion.

$1,600.00, respectively, for attorneys' fees. Ready raises five allegations of error. We dismiss for lack of jurisdiction.

## Statement of Facts[2]

Ready and Armstrong were previously married and together owned various tracts of land, referred to throughout the briefing as Tracts Two, Four, and Five, all located in Callaway County, Missouri. Ready and Armstrong's marriage was dissolved on September 19, 2019, in the Circuit Court of Callaway County in case number 13CW-FC00194. Significant litigation surrounded all three tracts, but only Tract Two is relevant to this appeal. While they were married, Ready and Armstrong secured a promissory note with Maries County Bank secured by a deed of trust on Tract Two. Maries County Bank assigned its deed of trust and promissory note to Callaway Financial, LLC ("Callaway Financial") which is owned by Chad Bristol ("Bristol"). Subsequently, Ready and Armstrong defaulted on that promissory note, and Callaway Financial appointed Duane Schreimann ("Schreimann") the Successor Trustee of the deed of trust.

On May 9, 2018, Schreimann conducted a non-judicial trustee's sale of Tract Two. Jeff Adams ("Adams") was the highest bidder at the trustee's sale with a bid of $200,000.00. Later, Adams refused to honor his bid, and Schreimann conducted a second non-judicial trustee's sale on July 2, 2018, where the property was sold for $93,100.00. After the proceeds of the sale were applied to the promissory note secured by the deed of trust, the

---

[2] "We view the evidence and all reasonable inferences from the evidence in the light most favorable to the judgment." *Holt v. Rankin*, 320 S.W.3d 761, 763 n. 3 (Mo. App. W.D. 2010).

sum of $34,895.55 remained. Ready, Armstrong, Dale Brondel, Maria Brondel, and Barkho all asserted claims to some or all of these proceeds.

On July 31, 2018, Schreimann named Ready, Armstrong, Dale Brondel, Maria Brondel, and Barkho as Defendants in his first count of interpleader because each had a potential claim to the sale proceeds. Ready and Armstrong were the former owners of Tract Two and maintained a claim for the proceeds on that basis. Dale and Maria Brondel were involved in litigation with Ready and Armstrong at the time of the sale. While no court had yet rendered judgment, this gave rise to a potential claim on the proceeds of the sale. Barkho had previously obtained a judgment against Ready, which was unsatisfied giving rise to a potential claim on the proceeds of the sale. Schreimann also brought a claim for breach of contract against Adams alleging that Adams breached his contract with Schreimann when Adams refused to honor his bid at the first trustee's sale. Schreimann and Adams later reached a settlement as to Count II in the amount of $7,500.00, which was approved by the circuit court. The circuit court awarded Schreimann $4,826.15 in attorney fees and court costs of $160.50 from the $7,500.00. The remaining $2,513.35 was combined with the $34,895.55 in existing interpleader funds for a total amount of $37,408.90.

The circuit court conducted a trial on March 14, 2019, and on April 25, 2019, the circuit court entered its judgment awarding $28,804.85 to Armstrong and $8,604.05 to Barkho. The court also found Ready's actions throughout the course of litigation were "frivolous, vexatious, malicious, willful, and in bad faith." The circuit court awarded Armstrong $7,490.00 and Barkho $1,600.00 in attorneys' fees against Ready. Ready brings

3

this appeal of the circuit court's judgment; Schreimann and Barkho were the only parties to file Respondent's Briefs. We dismiss for lack of jurisdiction.

## Jurisdiction

Whether we have jurisdiction is a question of law, which we review *de novo*. *Dunkle v. Dunkle*, 158 S.W.3d 823, 827 (Mo. App. E.D. 2005). Appellate courts have jurisdiction to review cases only after the trial court issues a "final judgment." *Wilson v. City of St. Louis*, No. SC97544, 2020 WL 203137, at *7 (Mo. banc Jan. 14, 2020); Section 512.020(5) RSMo (2016). "[A] judgment can be appealable as a 'final judgment' under section 512.020(5) if it resolves every claim (or, at least, the last unresolved claim) in a lawsuit."[3] *Id.* If a judgment is not final, we lack authority to conduct review and must dismiss the appeal. *ABB, Inc. v. Securitas Sec. Srvs. USA, Inc.*, 390 S.W.3d 196, 200 (Mo. App. W.D. 2012).

In his answer, Ready asserted two counterclaims against Schreimann, Callaway Financial, LLC, and Bristol for Interpleader ("Counterclaim I") and Fraud ("Counterclaim II"). Ready also brought a cross claim against "Attorney Holt," Barkho, and Armstrong for Fraud ("Crossclaim III"). On August 23, 2018, Barkho filed his "Answer to Defendant Douglas B. Ready's Crossclaim Count III," in which he requested the court dismiss Count III. On August 24, 2018, Armstrong filed her "Motion to Dismiss Defendant Douglas Ready's Cross Claim Against Defendant Beth Armstrong." Schreimann filed his "Motion to Dismiss Defendant Douglas Ready's Counterclaims I & II."

---

[3] *Wilson* makes clear that a judgment may be certified as "final" only if it disposes of an entire "judicial unit." *See Wilson*, 2020 WL 203137, at *4-7. This issue is not before us on appeal, and we will not address it further.

The circuit court sustained all three motions in an order entered November 5, 2018, dismissing Counterclaims I and II as to Schreimann and Crossclaim III as to Armstrong and Barkho. However, Counterclaims I and II as to Bristol and Callaway Financial remain pending before the circuit court, and Crossclaim III remains pending as to Attorney Holt. We take judicial notice that Bristol, Callaway Financial, and Attorney Holt were never served with process; nevertheless, they are parties to this action. "For there to be a final judgment there must be a disposition of claims against all parties, even those unserved." *C.G. Sewing v. Scottish Rite of Kan. City*, 582 S.W.3d 138, 140 (Mo. App. W.D. 2019)(quoting *LCA Leasing Corp. v. Bolivar Prof'l Pharmacy, Inc*., 901 S.W.2d 342, 343 (Mo. App. S.D. 1995)). "[T]he existence of a defendant not disposed of by the circuit court defeats finality of the judgment and deprives us of jurisdiction regardless of whether or not the defendant has been served with process because an unserved defendant remains a party nevertheless." *Roth v. La Societe Anonyme Turbomeca France*, 120 S.W.3d 764, 770 n.2 (Mo. App. W.D. 2003) (The *Roth* court ultimately found it had jurisdiction under Rule 74.01(b) because the trial court had certified there was no just reason for delaying an appeal, which did not occur in the instant case; *see supra* note 3).

The circuit court's judgments and orders do not address any claims raised against Bristol, Callaway Financial, or Attorney Holt. Furthermore, even if the circuit court had addressed these claims, it would have lacked authority to adjudicate the claims against unserved parties except to dismiss them from the action. *See Doran v. Chand*, 284 S.W.3d 659 (Mo. App. W.D. 2009) (holding that"[s]ervice of process is a prerequisite to the trial court's jurisdiction to adjudicate the rights of the defendant, and when the requirements for

5

service are not met, the court lacks power to adjudicate.").  Because outstanding claims remain for adjudication, the circuit court's judgment on April 25, 2019, is not a final, appealable judgment.

## Conclusion

We dismiss the appeal for lack of jurisdiction.[4]  Schreimann made a Motion to Dismiss citing the inadequacy of Ready's brief under Rule 84.04.  We overrule this motion as moot.

_____
Gary D. Witt, Judge

All concur

---

[4] As our ruling denotes, the trial court found Ready's legal positions in the underlying litigation to be frivolous.  *Ex gratia*, we note that based on our review, the substantive content of Ready's premature appeal in its current form is equally frivolous and without merit.